## Oliver *versus* Commonwealth.

1. In an indictment under the statute for seducing a female of good repute under twenty-one years of age with illicit connection under promise of marriage, the Commonwealth must prove affirmatively the good repute of the female.

2. The proper practice in such case is for the Commonwealth to call witnesses to prove that the general reputation of the prosecutrix for chastity in the neighborhood in which she has lived is good.

3. It is error for the court to charge the jury that they may infer good repute from the general evidence offered by the prosecution, not adduced for that purpose and having scarcely the slightest tendency in that direction.

October 4th 1882.   Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

ERROR to the Court of Quarter Sessions of *Jefferson county:* Of October Term 1882, No. 35.

Indictment of John F. Oliver for seduction under promise of marriage of Annie Whitmore, "a single woman, of good repute, under the age of twenty-one years." Plea, not guilty.

On the trial, the Commonwealth's counsel called the prosecutrix, who testified . . . . . . "In November 1880, when he proposed what he did, I refused him. I says, No Sir, not till I am your wife. I says, Wait till you marry me, and not till then. He says, You know we will be married in a few weeks. I am just the same as a husband and you a wife. At last I gave up to him . . . . . . Between November and March he had connection with me frequently, in consequence of which a child was born, on 30th of October 1881."

No evidence was offered, by the Commonwealth, for the express purpose of proving that the girl was "of good repute," but in the course of the trial it appeared that she had always resided at home with her parents, and both she and her mother testified that she "had never had any gallant or beau but the defendant."

[Oliver *v.* Commonwealth.]

The defendant presented the following point:

"That as the Commonwealth has offered no evidence to show that the prosecutrix was a woman of good repute, there can be no conviction for seduction."

Answer.—We do not remember of any direct evidence going to show that this was a woman of good repute. We instruct the jury that if the Commonwealth has failed to show this good repute, or what is its equivalent, that there could be no conviction. After reflecting upon the question presented in this point and obtaining all the light we can from the books furnished, we add this further instruction bearing upon the question presented in this point. To constitute the offence of seduction, under the Act of 19th of April 1843, there must be illicit connection, and the female must oe drawn aside from the path of virtue which she was honestly pursuing at the time the defendant approached her. The law does not presume the previous chastity of the female, such a presumption being inconsistent with that of the prisoner's innocence; but such chastity must be proved by the government, it being essential to the offence charged. Taking the authorities therefore, and the reasons upon which they seem to proceed, we think ourselves justified in stating the law and leaving you to determine under the evidence whether the prosecution has come up to the point the law requires. We believe that if it is affirmatively proved that the prosecutrix has always maintained a consistent character for chastity—if the evidence showed that she had never been approached by any other man, that she never had kept company with any other man; and if the evidence showed that the defendant, was the first person who had illicit intercourse with her, and had drawn her aside from the path of virtue; if this is proven, we believe that the requirements of the Act of Assembly would be met so far as the proof of good repute is concerned. And we add further, that it is always necessary to the prosecutor's cause to make out the fact that the prosecutrix was a person of good repute, or to make out that the prosecutrix had always maintained a good character for chastity. One or the other of these is necessary to maintain the prosecutrix's case. And their existence may be inferred from general evidence offered by the prosecution. We think in the statement we have thus made of the law upon this branch of the case, we will be fully sustained by the reason of the thing, and by the weight of the authorities. We thus answer the point put to us by the defendant.

Verdict guilty, and the defendant was sentenced. An allocatur having been obtained from a judge of the Supreme Court, the defendant took this writ of error, assigning for error, inter alia, the answer of the court to defendant's point as above.

[Oliver v. Commonwealth.]

*White* (with him *Scott* and *Corbet*), for the plaintiff in error, cited West *v.* State, 1 Wis. 209; Whart. Crim. Law § 2673 and note; Commonwealth v. McCarty, 2 Pa. L. Jour. 136.

*Jenks* (*Clark* with him), for defendant in error.—The legal presumption of fact is always in favor of "good repute," and, moreover, there were ample circumstances proved from which good repute could be inferred by the jury. The girl was only eighteen years old, lived with her parents, and worked in the household, went to church, never before had any beau or gallant, no aspersion ever made as to her character for chastity before the defendant seduced her under promise of marriage. "Good character being presumed, evidence to support it will not be received until it has been assailed." Wharton's Criminal Ev. (8th ed.) sec. 59; Snyder *v.* Commonwealth, 85 Pa. St. Rep. 519. "Chaste character is presumed and need not be proved." State *v.* Higdon, 32 Iowa 262; State *v.* Wells, 48 Iowa 671. In Pennsylvania it has been expressly decided that: "The rule is well settled that witnesses on part of plaintiff cannot be examined as to general character of the seduced for chastity until evidence of general bad character has been adduced by defendant." Wilson *v.* Sproul, 3 P. & W. 49–53. It is therefore not only unnecessary, but it would be improper to offer direct evidence of good repute until the presumption is rebutted by evidence offered by defendant. Even then direct evidence is not essential, if circumstantial or presumptive evidence is clear. "Chaste character in the person seduced may be inferred from the general evidence offered by the prosecution, when not expressly testified to as an independent ingredient of its case." Whart. Crim. Law. (8th ed.) § 1757.

Mr. Justice STERRETT delivered the opinion of the court, November 20th 1882.

The statute under which the plaintiff in error was indicted, declares, "that the seduction of any female of good repute, under twenty-one years of age, with illicit connection under promise of marriage," shall be a misdemeanor: Purd. 326, pl. 56. The "good repute" of the female alleged to have been seduced is thus made an essential ingredient of the offence, and hence it was not only necessary that it should be specifically averred in the indictment, but it was incumbent on the Commonwealth to prove the fact affirmatively by such evidence as would justify the submission of that question to the jury. The ordinary presumption of her good reputation for chastity, without more, was insufficient for that purpose: West *v.* The State, 1 Wis. 209; 1 Bishop's Cr. Prac. 1106. This was conceded by the

[Oliver v. Commonwealth.]

learned judge in his answer to defendant's point, requesting him to charge, "that as the Commonwealth has offered no evidence that the prosecutrix was a woman of good repute there can be no conviction." It was also conceded, in the same connection, that there was no direct evidence on the subject of good reputation; but, the point was refused and the jury were instructed, inter alia, that if the Commonwealth failed to show "good repute or what is its equivalent," there could be no conviction. It must be shown "that the prosecutrix was a person of good repute," or that she "had always maintained a good character for chastity. One or the other of these is necessary; and their existence may be inferred from general evidence offered by the prosecution." In thus instructing the jury, and submitting the question to them on insufficient evidence, we think there was error. It is the "good repute" of the female seduced, and not something else that may be regarded by the jury as "equivalent," that is made an element of the offence. There is no doubt whatever as to the meaning of that expression as used in the statute, and neither court nor jury has a right to determine "what is its equivalent." The testimony introduced by the Commonwealth tended to prove other ingredients of the offence; but it was not offered for the purpose of proving reputation, nor had it scarcely the slightest tendency in that direction. There is a well recognized mode of proving general reputation, and the Commonwealth should not be permitted to ignore it, without cause, especially in cases like the present, wherein "good repute" is an essential element of the offence. If the general reputation of the prosecutrix, for chastity, in the neighborhood in which she lived, was good,—and there is nothing in the case to indicate any thing to the contrary,—it was the duty of the Commonwealth to call witnesses and prove the fact affirmatively, as every other ingredient of the offence was required to be proved, instead of asking the jury to infer the fact from casual expressions used by some of the witnesses in the course of their testimony on other branches of the case. Every person accused of crime is entitled to the benefit of the legal presumption in favor of innocence, which in doubtful cases is always to turn the scale in his favor. Hence, the rule of evidence in criminal cases is, that the guilt of the accused must be fully proved. Neither the mere preponderance of evidence, nor any weight of preponderant evidence is sufficient for the purpose unless it generate full belief of the fact to the exclusion of all reasonable doubt. The general evidence referred to by the learned judge was clearly insufficient for that purpose, and did not justify the submission to the jury of a material fact of which there was no direct evidence. There was nothing in the circumstances of the case, from which the general good reputation of the prosecutrix

could be fairly or legitimately inferred. The several assignments of error are sustained.

> Judgment reversed, and it is ordered that the record, with a certified copy of this opinion setting forth the causes of reversal, be remitted to the court of Quarter Sessions of Jefferson county, for further proceedings.