WALTER DUNLAP v. THE STATE.

No. 8642.  Delivered April 22, 1925.

Rehearing denied Oct. 7, 1927.

1.—Seduction—Indictment—Held Sufficient.

Under the statute of this state defining seduction, it is not necessary for an indictment charging that offense to allege that the prosecutrix was of chaste character prior to the date of the alleged offense. See Art. 1448 Vernon's P. C. Following Slaughter v. State, 86 Tex. Crim. Rep., 527 and cases there cited.

2.—Same—Continuance—Properly Refused.

Where on a trial for seduction, appellant filed a motion for a continuance, on account of an absent witness, and the state contested said motion, evidence being heard thereon, and the court after hearing such evidence, refused to grant said motion, we hold there was no error in this action by the court.

3.—Same—Evidence—Properly Admitted.

Where on a trial for seduction, it was not error to permit the prosecutrix to testify that she would not have permitted the defendant to hug and kiss her and to have carnal knowledge of her, but for his promise to marry her, and that no man other than the defendant had carnal knowledge of her prior to the date of the offense.

4.—Same—Evidence—Letters Properly Admitted.

There was no error in permitting the state to introduce letters of an endearing character purported to have been written by appellant to prosecutrix because same were not proven to have been written by him, no objection on this ground having been raised by appellant at the time such letters were offered in evidence.

ON REHEARING.

5.—Same—Indictment—''Previous Chaste Character''—Not Necessary Allegation.

While in many states the offense of seduction being by statute predicated on the "previous chaste character" of the prosecutrix," it has been held that the indictment must so alleged. The decisions in those states have no application in this state, there being no such clause in our statute. See opinion on rehearing for collation of authorities on the subject, and also State v. Kelly, 43 L. R. A. 476 (New Series.)

Appeal from the District Court of Hill County. Tried below before the Hon. Horton B. Porter, Judge.

Appeal from a conviction for seduction, penalty two years in the state penitentiary.

The opinion states the case.

J. D. Burns, T. P. Scott, and Smith & Clark, for appellant.

Tom Garrard, State's Attorney, and Grover C. Morris, Assistant Attorney, for the State.

BAKER, JUDGE.—Appellant, Walter Dunlap, was indicted, tried and convicted in the district court of Hill county for the offense of seduction and his punishment assessed at two years' confinement in the penitentiary.

Appellant's attorneys in this case have filed a very extensive and exhaustive brief, the greater portion of which is devoted to the attacking of the indictment because it fails to allege that the prosecutrix was of chaste character prior to the date of the alleged offense; and also in other forms bring into question the same issue.

The indictment follows the statute and alleges that the defendant "did then and there unlawfully under and by virtue of a promise of marriage made by him to Molley Motley, who was then and there under the age of twenty-five years, seduce and have carnal knowledge of such female," etc.

The Legislature, having in mind evidently that such a question might be raised as contended for by the appellant in this case, and in order to avoid any confusion over such matters, took the precaution to define what was meant by "seduction" in passing Art. 1448, Vernon's P. C., which is as follows:

"The term 'seduction' is used in the sense in which it is commonly understood."

In the case of Slaughter v. State, 86 Tex. C. Rep., 527, Presiding Judge Morrow, in a very extensive opinion, citing many authorities in and out of this State, in the writer's opinion covers the complaint made in the instant case, and in the case supra cites an Oklahoma case, in which the statute of that State is like ours, and quotes this language:

"Now, there are but two things that he is charged with doing, namely, promising to marry the prosecutrix, and having illicit connection with her. The other two elements of the offense go to the character of the person protected by the law, namely, an unmarried female, and one of chaste character.   *   *   *   *   Hence, we think the purpose of the statute is to require the prosecutrix to be corroborated on the promise of marriage and the illicit intercourse, and not upon the elements that go alone to her characteristics"— citing 11 Okla. Rep. 156, and also cites a Mississippi case as follows:

"When she is supported as to the promise of marriage and the act of sexual intercourse—the two great fundamental essentials—the corroboration, we think, will be sufficient."

We are of the opinion that the Slaughter case, supra, is an authority against the contention of the appellant in this instance and settles the contention against him with reference to the sufficiency of the corroboration of the evidence in the instant case,

Appellant complains of the action of the court in overruling his motion for continuance, which is in the usual form for a first application, seeking a continuance for the want of the testimony of Mrs. Cornell. The State controverted the diligence and contested said motion, and in said contest alleged that it was not the first application for continuance but was the second application; and the court, after hearing the motion and the contest on same, in overruling said application found against the defendant, and we are not prepared to say that same was error from the record before us. The contest shows that there was a period of about fifty-one days from the arrest of the defendant until the process for said witness was obtained, in addition

101 Tex. Crim.—16.

to other grounds showing a want of diligence. We hold that there was no error in the court's action in this particular.

Appellant complains of the court's action in permitting the prosecutrix to testify that she would not have permitted the defendant to hug and kiss her and in permitting her to testify that no man besides the defendant had carnal knowledge of her prior to the date of the offense and that she would not have submitted to such conduct had she not relied on his promise of marriage. We think there was no error in the court's action in this particular.

There is also complaint upon his part to the court's admitting in evidence letters which the prosecutrix testified she had received from the appellant, of a very endearing nature, and which one of the State's witnesses also testified to having read, upon the ground that there was no proof of the execution of said letters as a basis for said testimony. The court, in qualifying and explaining these bills, states that there was no such objection raised to this testimony until it was called to his attention by a special charge and in the motion for new trial. In view of said explanation, there was no error in the admission of said testimony. The defendant did not testify in the case, and doubtless if this question had been raised at the time the evidence was admitted the court would have required proof as to the author of same before admitting them.

We have not seen fit to discuss all of the bills in the record, but we have carefully considered same, and, after a careful consideration of the entire record, we fail to see any error in the trial of said case, and believe that the defendant has had a fair and impartial trial, and that the judgment of the lower court should be and is hereby affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—In his motion for rehearing appellant with much vigor renews his attack upon the indictment asserting its invalidity for failure to allege the "previous chaste character" of the injured female.

An exhaustive review of the authorities from many states discloses some lack of harmony upon the point, at the same time revealing that in most instances the conflict is apparent rather than real.

Where by statute the offense of seduction is described as one against a female of "previous chaste character" it is generally held that such element is descriptive of the offense and that the indictment must contain an averment of such fact. State v. Kelley, 245 Mo. 489, 43 L. R. A. 476. See People v. Roderigas, 49 Cal. 9; People v. Krusick, 93 Cal. 74, 28 Pac. 794; State v. Temmens, 4 Minn. 325; State v.

DeWitt, 186 Mo. 61, 84 S. W., 956; People v. Weinstock, 140 N. Y. Supp. 453. Where by statute the offense is defined to be against a female "of good repute" it is held essential that the indictment contain an averment of the female's good reputation. State v. Hill, 91 Mo. 423, 4 S. W., 121; Oliver v. Commonwealth, 101 Pa. 215; Zabriskie v. State, 43 J. J. L. 640, 39 Am. Rep. 610; Hay v. State, (Indiana) 98 N. E. 712.

Our own statute, Art. 505 P. C. Revision 1925, formerly 1447, P. C., provides that "If any person, by promise to marry, shall seduce an unmarried female under the age of twenty-five years, and shall have carnal knowledge of such female, he shall be punished, etc." It will be observed that "previous chaste character" nor "former good repute" enter into the definition of the offense by statutory provision. Under statutes similar to ours in this respect it has been held unnecessary to allege in the indictment that the female was of previous chaste character. Caldwell v. State, 73 Ark. 139; 83 S. W. 929; Kerr v. U. S. 7 Ind. Ter. 486, 104 S. W., 809; People v. Bremer, 27 Mich., 134; Ferguson v. State, 71 Miss. 805; State v. Andre, 5 Iowa, 389; 68 Am. Dec. 708; State v. Hemns, 82 Iowa 609; Wilson v. State, 73 Ala. 527; State v. Turner, 82 S. C. 278, 64 S. E. 424.

Under State v. Kelley reported in 43 L. R. A. 476, (New Series) will be found an exhaustive note covering many pages, dealing with the subject under consideration with voluminous reference to authorities. To review them would be tedious and unprofitable. Examination of them, we think, will reveal the conclusions stated by us to be correct as touching the state of the decisions in the various jurisdictions.

We are confirmed in the opinion that under our own statute defining seduction the pleader is not called upon to allege in the indictment charging such offense that the female was of previous chaste character.

The motion for rehearing is overruled.

*Overruled.*