JOHN GIRVIN v. THE STATE.

No. 11827. Delivered May 16, 1928.
Rehearing denied March 27, 1929.
Second Rehearing denied April 10, 1929.

The opinion states the case.

*Critz & Woodward* of Coleman, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense, felony theft; penalty, five years in the penitentiary.

Witness Roy Porter had an 'automobile stolen from him and a short time thereafter the car was found in possession of appellant and identified by its number. When found in possession of the car by the Sheriff and asked if he claimed the car, he answered that he did and presented a bill of sale to same. This testimony was objected to because given while the appellant was under arrest. The facts show that it was made contemporaneously with his arrest at a time when his possession was first being directly challenged and was admissible against him under the uniform holdings of this Court. Ward v. State, 41 Tex. 612. Hodge v. State, 41 Tex. Crim. Rep. 231. Jones v. State, 60 Tex. Crim. Rep. 426. For a full collation of authorities, see Branch's P. C., P. 1333.

Objection was made to the testimony of Roy Porter, owner of the car, because it affirmatively appeared that a guardian had been appointed to handle his finances under a judgment of insanity made and entered nearly two years previous to the time he testified. Under the terms of Art. 708 (1), C. C. P., all persons are competent to testify in criminal cases except insane persons who are in an insane condition of mind at the time when they are offered as witnesses, or who were in that condition when the events happened of which they are called to testify. We see nothing in the testimony of the witness or in the circumstances of this case that points in any degree to his insanity. It has been said: "That there exists an unvacated judgment, adjudging the offered witness a lunatic, will not suffice to reject his testimony." Nations v. State, 91 Tex. Crim. Rep. 114. See also Singleton v. State, 57 Tex. Crim. Rep. 560. Appellant failed to show, as was his duty, that the witness was either insane when he was called as a witness or was such when the event happened about which he was called upon to give testi-

mony and under such circumstances the action of the Court was proper. Batterton v. State, 52 Tex. Crim. Rep. 381.

Motion was made in the trial court by appellant to pass his case until a future day of the term of court because there had been tried in the District Court of Tom Green County on the day previous the case of the State of Texas v. Henry Walker, in which testimony was brought out tending to connect appellant with the offense charged against the said Henry Walker as principal in the theft of an automobile in Tom Green County. The record shows that the jurors who tried Walker were stood aside and not placed on the panel of the jury called in the instant case. It further shows that the jurors on the panel for the week were examined and those who testified they heard any part of the Walker trial stated under oath that they had no opinion and had formed no opinion from what they had heard. It does not appear that the issues were the same or the witnesses the same in the two cases. It has been held that jurors are not disqualified simply because they have convicted another person for a different transaction, though the same witness was prosecutor in both cases. Irvine v. State, 55 Tex. Crim. Rep. 349.. The Court qualifies these bills by the statement that each of the jurors testified under oath that he would not in any way be influenced by what he heard in the Walker case. If these jurors had testified they had an opinion from hearing the witnesses in the former case upon the same issue to be tried in this case, each of them so testifying would have been disqualified, even though they stated same would not have influenced them. Branch's P. C., Sections 558 and 559. However, as before stated, these jurors testified they had no such opinion and even if they had, the issues were not shown to have been the same and in no instance was one of these jurors shown to have been forced upon the appellant. None of them appear to have sat as jurors in the trial of appellant's case. If there was error in the Court's action, it is one about which the appellant could not complain, as no probability of injury is shown in the record. This Court does not reverse for errors where there is no affirmative showing of any injury or probability of such, except in those cases where that duty has been laid upon us by the terms of the constitution or statute. It is an entirely erroneous conception that we will reverse for every mistake of law made by the trial court. The many and constant mistakes made by the agencies of the law would compel us to reverse almost every case if such were the rule. In this case there could not be even a prob-

ability of injury to appellant unless there was some affirmative showing that an undesirable juror was forced upon him and sat in the trial of his case. Because there is constant and earnest insistance that we reverse for errors of the trial court unaccompanied by any showing of probability of injury, we desire to call the attention of the bench and bar to some of the authorities which con clusively show that it has never been the policy of this Court to reverse on purely technical grounds which involve no material right of the accused. Ballew v. State, 36 Tex. 101; Matthews v. State, 6 Tex. Crim. App. 40; Logan v. State, 17 Tex. Crim. App. 57; Pocket v. State, 5 Tex. Crim. App. 565; Williams v. State, 48 S. W. 515; May v. State, 51 S. W. 242; Boyce v. State, 66 S. W 568; Hofheintz v. State, 45 Tex. Crim. Rep. 117; De Los Santos v. State, 146 S. W. 919; Ragsdale v. State, 61 Tex. Crim. Rep. 145; Greenwood v. State, 99 Tex. Crim. Rep. 160; Newman v. State, 99 Tex. Crim. Rep. 363.

Believing the evidence sufficient and there being no errors in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE —Appellant contends that the verdict is based upon insufficient evidence; that certain jurors were disqualified and that the witness Porter was incompetent by reason of his insanity. The theft of a Ford automobile was proved by the witness Porter. The engine number was 14,523,226. The theft occurred in Runnels County. Soon after its disappearance the car was found in the possession of the appellant at San Angelo in Tom Green County. The number had been changed to read 14,550,690. At the time of his arrest the appellant possessed a forged application for registration for S. B. Jenkins to a car with engine number 14,550,690; also a registration receipt issued by the Tax Collector of Concho County to S. B. Jenkins by virtue of the application mentioned above, and there was evidence that the receipt was obtained from the Collector by the appellant upon his presentation of the forged application. The Collector, however, was not definite in his identification of the appellant. When arrested the appellant had a bill of sale purporting to come from S. B. Jenkins conveying car #14,550,690. Jenkins was not ac-

counted for and no explanation was made by the appellant of his possession of the stolen car save the exhibition of the bill of sale and tax receipt to the sheriff at the time of his arrest. The fact that the number on the car had been changed was controverted, but the evidence is quite sufficient to support the State's theory that the change had been made.

In the motion for new trial there was an averment charging misconduct of the jury in that during their deliberations it was stated that the name S. B. Jenkins contained in the bill of sale to the appellant was the same as that used in another case and that there was no such man as S. B. Jenkins.

From Bill No. 1 it appears that three of the men who sat upon the jury gave testimony upon the hearing of the motion for new trial. One of them testified that he heard no discussion or mention of S. B. Jenkins in connection with the other trial. One of them testified that there was a statement made that S. B. Jenkins was the same name that was used in connection with the bill of sale in the other trial. Another testified that the only mention of the matter occurred after the verdict had been agreed upon and while the jurors were waiting to be called into court to render the verdict. There is nothing in the bill to show that the matter was not one which the jury was privileged to discuss. On the evidence developed, however, the court was justified in concluding that the mention of the matter occurred at a time after the verdict had been agreed upon and was ready to be rendered, and that no injury could have resulted to the appellant.

In Bills Nos. 3 to 11 complaint is made of the refusal of the court to sustain the challenges for cause to certain jurors who had been in the court room and heard part of the argument in the case of the State against Walker. In dealing with the bills, it will be sufficient to say that it does not appear that any of the jurors sat upon the jury who tried the appellant. See Loggins v. State, 12 Tex. Crim. App. 72; Williams v. State, 30 Tex. Crim. App. 367; and other cases collated in Branch's Ann. Tex. P. C., Sec. 543, subds. 2 and 3. However, the jurors stated that touching the appellant's case they had no opinion and, as stated in the original opinion, the facts set out in the bills were not such as to render the jurors incompetent. See Rutherford v. State, 102 Tex. Crim. Rep. 310. The matter was discussed at some length and numerous precedents cited in the case of Hepworth v. State, 12 S. W. (2d) 1018, to which reference is made.

Touching Bill No. 12½ relating to the mental condition of the witness Porter, we desire to add nothing to the remarks made in the original opinion.

The motion is overruled.

*Overruled.*

OPINION ON APPLICATION FOR LEAVE TO FILE SECOND MOTION FOR REHEARING.

LATTIMORE, JUDGE.—We are asked to hold so meager as to be insufficient in law, testimony in this case which shows appellant in Tom Green county a short time after April 16, 1927, in possession of a car claiming it as his own by virtue of a forged bill of sale made on April 12th in Coleman county, purporting to convey this car to S. B. Jenkins; a receipt for license fee on said car in Concho county dated April 16, 1927, issued to S. B. Jenkins and showing a different engine number from the number on the engine of the alleged stolen car; also a bill of sale from S. B. Jenkins to appellant on April 16, 1927, executed before W. A. Mason, notary public, Tom Green county, and reciting a consideration for the transfer of said car of one dollar and other considerations. The car was stolen about April 16th. After the car was found in appellant's possession in San Angelo an acetylene torch was applied to the motor block which showed the numbers of the engine to have been changed, and that the original numbers corresponded to those of the alleged stolen car. On this trial neither Mason, the notary public, nor Jenkins, the alleged seller to appellant, were produced or accounted for; nor was there any testimony explaining or shedding light on the swift shifting of this car from one to the other of three counties,—the issuance of a forged bill of sale antedating the loss of said car, the changing of the engine numbers, the execution of a bill of sale in Tom Green county to appellant conveying this car to him the same day it was registered in Concho county by some one under the name of S. B. Jenkins. No explanation was offered as to the character or amount of the consideration. No offer was made to produce Mason or any person to testify there was such notary public and explain his absence from this trial. These were matters for the consideration of the jury in determining whether his explanation of his possession was reasonable and probably true. We can not agree with appellant.

The application for leave to file second motion will be denied.

*Motion denied,*