HORACE FOSTER V. THE STATE.

No. 21787. Delivered October 22, 1941.
Rehearing Denied November 26, 1941.

616

The opinion states the case.

*Hughes & Monroe* and *Sam Donosky,* all of Dallas, for appellant.

*Chas. A. Pippen,* Assistant District Attorney, of Dallas, and *Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

Murder is the offense; the punishment, ten years in the State penitentiary.

Appellant and deceased were tenant farmers of the same landlord. The land assigned to each was of one general tract.

There was no definite, fixed or marked boundary line between the tracts to be cultivated by them. Each planted and cultivated, upon the tract asssigned to him, the same kind of crop, being that of feed known as "hygeria."

When time came to gather the crop, a difficulty arose between them as to where the boundary between the tracts was located. According to the witnesses for the State, it was the contention of deceased that appellant was gathering the crop of and upon the land cultivated by him. Appellant contended that he was gathering his own crop and that deceased was endeavoring to prevent him from so doing and was about to appropriate a part of his crop or property. The killing occurred as a result of these differences.

According to the witnesses for the State, appellant, without justification or excuse, killed deceased by shooting him with a pistol. According to the testimony of appellant, the killing was in self-defense against the actual attack by deceased, as well as threats. The defensive theory of defense of property also found support in the testimony of the appellant.

The facts are abundantly sufficient to warrant the jury's conclusion of guilty, and, in the light of the record before us, need not be detailed. It was within the province of the jury to accept the State's theory and to reject that of the appellant.

In submitting the case to the jury, the trial court gave all charges requested by appellant, thereby meeting all exceptions reserved to the charge, save and except in the following particulars:

The witness Bud Netter testified as an eye-witness to the killing, supporting the State's theory and contradicting the self-defense theories of the appellant. It was shown that, in 1930, or about eleven years prior, this witness had been duly convicted of being a lunatic, under an insanity complaint in the County Court of Dallas County, Texas. In obedience to that judgment, he was placed in the State institution for the insane at Austin, Texas, where he remained for about three years. No order vacating or annulling the insanity conviction was shown; nor was there any certificate from the asylum authorities discharging the witness from that institution or certifying that he had regained his sanity. Several witnesses, one of whom was a doctor, testified to facts showing that the witness

was presently sane and that he possessed sufficient mentality to testify as a witness. Appellant offered no testimony, nor did he, in any manner, attempt to rebut this proof.

The only objection urged to the testimony of this witness, or to his competency, was by an exception to the court's charge, by which appellant sought to have the jury instructed that, the witness having been found and declared to be a person of unsound mind, by a court of competent jurisdiction, he was presumed to be of unsound mind until the State established, by a preponderance of the evidence, that he was of sound mind.

It will be noted that appellant offered no objection to the testimony of the witness; nor did he, prior to the time the witness was offered by the State and testified in the case, offer any objection to, or challenge, the competency of the witness to testify. Appellant's contention relative the giving of the charge requested could easily be disposed of by us under the doctrine of waiver, by virtue of the rule which provides that an accused may not acquiesce in the admission of evidence by failing to object thereto or to otherwise complain of its introduction, and afterwards complain of that testimony. Farris v. State, 209 S. W. 665, 85 Tex. Cr. R. 86; Land v. State, 247 S. W. 554, 93 Tex. Cr. R. 470; Dunlap v. State, 275 S. W. 833, 101 Tex. Cr. R. 239.

If appellant objected to the testimony of the witness, or to his competency as a witness, he was under the burden of making that known to the trial court; and failing so to do, he, of necessity, waived the right to do so. The charge requested was not an objection to the testimony; nor did it challenge the competency of the witness to testify.

Under the provisions of Art. 708, C. C. P., insane persons are precluded from testifying in a criminal case only when "in an insane condition of mind at the time when they are offered as witnesses, or who were in that condition when the events happened of which they are called to testify."

Under the statute mentioned, the burden is upon the party objecting to the testimony of a witness, because of insanity, to show that the witness is incompetent to testify. Nations v. State, 237 S. W. 570, 91 Tex. Cr. R. 112; Hennington v. State, 274 S. W. 599, 101 Tex. Cr. R. 12; Downing v. State, 20 S. W. (2d) 202, 113 Tex. Cr. R. 235.

The mere fact that there existed an unvacated judgment adjudging witness to be a lunatic did not render the witness incompetent, nor did proof of such fact meet the burden required by the statute. Girvin v. State, 15 S. W. (2d) 643; 112 Tex. Cr. R. 355; Downing v. State, 20 S. W. (2d) 202, 113 Tex. Cr. R. 235; Ebers v. State, 86 S. W. (2d) 761, 129 Tex. Cr. R. 287. Moreover, the competency of a witness to testify is primarily for the trial court. The undisputed evidence showing the witness to be competent authorized his testifying in the case. Singleton v. State, 124 S. W. 92, 57 Tex. Cr. R. 560. We note, in this connection, that the State's case was not made to depend alone upon the testimony of this witness. As here presented, no reversible error is reflected in the trial court's failure to give the charge as requested.

By bills of exception, appellant complains of the following particular:

Upon cross examination, the appellant was asked, by State's counsel, if it were not a fact that, about two weeks prior to the killing, he had borrowed $3.00 from one Gus Hallum, and that the deceased was present and aided him in obtaining the loan by guaranteeing the repayment thereof; to which appellant replied that he did borrow the money, but denied that deceased had anything to do with the matter.

In rebuttal, the State offered the testimony of the witness Gus Hallum, to the effect that he did make the loan to appellant, and that deceased was present and guaranteed the repayment thereof.

The State then proved, by the witness Mary Woody, that, some two or three days prior to the killing, she had a conversation with appellant, touching the matter of the loan, at which the deceased and Mary Holloway were present, when appellant said to her: "Uncle Gus in going up and down the road between Kleburg ruining mine and your character;" "Uncle Gus is telling everybody that me and you is owing him and won't pay him;" to which the witness replied: "I do not pay any attention to Uncle Gus; he is old and childish, and I will pay him when I get it"; that deceased then said to appellant: "Horace, didn't you appreciate that money when I asked for the money for you; you said you needed it to buy something for your wife to eat when she was at the hospital"; that the appellant replied: "Yes, I appreciated it and I will pay the old man when I get it, but I am damn tired of him running down the road telling

other people I won't pay him"; that deceased then said "Uncle Gus is old and just like a kid; if you can't pay him quit telling him that you will pay him at a certain time and keep him walking up and down the road in this hot sun when you tell him you are going to pay him."

To this testimony of the witnesses Hallum and Woody appellant objected because same was irrelevant and immaterial. Appellant's objection is untenable because the witness Mary Holloway testified, without objection, to the same facts, and to the same conversation. The objection was thereby waived. Countee v. State, 44 S. W. (2d) 994, 119 Tex. Cr. R. 131 McLaughlin v. State, 4 S. W. (2d) 54, 109 Tex. Cr. R. 307; Machado v. State, 17 S. W. (2d) 1060, 112 Tex. Cr. R. 538; Flower v. State, 18 S. W. (2d) 659, 113 Tex. Cr. R. 69; Montgomery v. State, 31 S. W. (2d) 440, 115 Tex. Cr. R. 469.

Moreover, under the provisions of Art. 1257a, P. C., "all relevant facts and circumstances surrounding the killing and the previous relationship existing between the accused and deceased, together with all relevant facts and circumstances going to show the condition of the mind of the accused at the time of the homicide," are now admissible in a murder case for the jury's consideration in determining the punishment to be assessed. Under this statute and the facts and circumstances in this case as a whole, we are unable to reach the conclusion that the testimony was subject to the objection urged.

The judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

KRUEGER, Judge.

In his motion for rehearing appellant asserts with much vigor and earnestness that we erred in holding that no objection was made by him to the competency of the witness, Will Netter. He claims that since he offered in evidence a judgment of lunacy entered by the County Court on the 22nd day of August, 1930, that this was tantamount to an objection to the competency of the witness without a formal objection. We are not in accord with his contention. By permitting the witness to testify with-

out objection to his competency, he thereby waived his objection and contented himself by requesting a special instruction to the jury to the effect that since the witness had been legally adjudged a lunatic, the presumption prevailed, in the absence of a discharge from the asylum or a judgment declaring that he had fully recovered his mental equilibrium, that his unsound mental condition continued. This rule would apply to a defendant on trial for an offense against the laws of this State but would not be applicable to a witness of whose competency the court and not the jury must first be satisfied before the witness is permitted to testify. The jury are merely the judges of the credibility of the witnesses and the weight to be given to their testimony.

We have again most carefully considered appellant's other contention but are unable to agree with him.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.