### ROBERT CLAYTON V. THE STATE.

No. 22937. Delivered November 8, 1944.
Appellant's Motion for Rehearing Denied (Without Written Opinion) January 3, 1945.

The opinion states the case.

*Jimmie Cunningham* and *Eugene F. Mathis*, both of Lubbock, for appellant.

*Ernest S. Goens*, State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

Murder is the offense; the punishment twenty-five years in the penitentiary.

On the afternoon of December 19, 1943, appellant and Robert Johnson appeared at the home of deceased, who sold them some whisky. All parties were drinking. Deceased conceived the idea that appellant and Johnson were going to rob him and, while exhibiting a pistol, ordered them to leave. Appellant and Johnson left and went across the street to where Johnson's car, in which other parties were seated, was parked. They, together with those in the car, drove to another part of town and were gone a short time when they returned and stopped the car across the street about fifty feet from the house of deceased. At that time deceased, with a pistol in his hand, was outside his house talking with the witness Hinton. Appellant said to Johnson, "We ought to take that gun," to which Johnson replied, "I don't care if we do." Whereupon, they left the car and advanced upon deceased, each from a different direction. Each carried a pistol. As appellant advanced towards deceased, he increased his speed until he was almost running when he reached him and grabbed for his left arm. As he did so, he fired at close range, the bullet passing through the arm and into the heart. A number of shots appeared to have been fired, during the difficulty, by Johnson and deceased, as also by the appellant.

From the State's standpoint, the killing was unjustified.

In the light of the questions presented for review, it is unnecessary to state the appellant's testimony further than to say that it showed a killing in self defense. There was a denial of the prior agreement between appellant and Johnson to take deceased's pistol away from him.

By several bills of exception, appellant complains of the receipt in evidence of the testimony showing the prior agreement on the part of appellant and Johnson to take the pistol from the deceased and the acts and conduct of Johnson during the difficulty, including proof of the fact that Johnson fired at deceased and that he, himself, was shot. Appellant objected to this testimony because it was irrelevant and immaterial and related acts and conduct of a third party.

If we correctly comprehend appellant's contention, it is that the trial court, not having submitted the case to the jury upon the theory that appellant and Johnson were acting together as

principals and the State not so contending, the proof of the acts and conduct of Johnson were inadmissible.

Appellant's position is untenable. The facts are sufficient to show that Johnson was a co-conspirator and, by reason thereof, his acts and declarations were admissible. Branch's P. C., Sec. 694, page 352. Moreover, the testimony objected to was a part of the res gestae and, for that reason and in the absence of a conspiracy, was admissible.

Appellant complains that he was deprived of the right to be heard and represented by counsel, under the following facts:

Appellant employed two attorneys to represent him. During the trial of the case, the trial court ruled that only one of the attorneys would be permitted to make objections to the introduction of testimony and to address the court relative thereto, which was the attorney who was taking the lead in the case; that if the other attorney desired to make objections to the testimony, he should communicate them to the leading attorney, who would communicate them to the court.

To this bill of exception, the trial court made the following qualification:

"This was suggested in the interest of orderly procedure to insure that the Court Reporter would be able to get the objections made. With one attorney examining the witness and the other making objections and during a part of the time having both attorneys on their feet at once, it was suggested that objections be addressed to the court by the attorney taking the lead, and if the attorneys desired to alternate in leading, that would be all right. In fact both defense attorneys did, at different times. take the lead. No grounds of objection were ever stated, to the Court,. and it was not claimed to the court such procedure would be prejudicial to the rights of the defendant. When it was suggested that the leading attorney address his objections to the court, nothing was said by either counsel except 'we take exception to that'; no claim that one attorney knew more about the case than the other, or that all necessary objections could not be made by counsel taking the lead."

In the light of this qualification, the appellant was not denied the right of counsel nor representation by counsel, nor was he in any manner injured thereby. It must be remembered that to insure orderly conduct in the trial of cases there is lodged in the trial judge great discretion in the making of rules and. regulations relative thereto. In reviewing the exercise of that dis-

cretion, this Court is limited to a determination of an abuse of that power. The record fails to show that the trial court abused that discretion. 13 Texas Digest, Criminal Law, sec. 1152.

The judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.