PRINCE ALBERT FLANNERY V. STATE.

No. 24127. November 17, 1948.

Rehearing Denied February 9, 1949.

*Winfree and Winfree,* Houston, for appellant.

*A. C. Winborn,* Criminal District Attorney, *J. M. Burns,* and *E. T. Branch,* Assistants Criminal District Attorney, Houston, and *Ernest S. Goens,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

Appellant was assessed the maximum penalty of ten years in the penitentiary for theft by false pretext.

A statement of the facts is not deemed called for.

The question presented by this appeal is the competency of the injured party, an elderly woman, to testify. If she was a competent witness, the facts support the conviction; if not, a reversal of the conviction should follow, because of the receipt in evidence of the testimony of an incompetent witness.

When the state offered the injured party as a witness, appellant objected to her testimony because, he claimed, she was insane and therefore an incompetent witness. Art. 708, C. C. P.

Upon this objection being made, the jury was retired and the trial court heard the testimony relied upon by appellant to establish the alleged incompetency.

Such testimony shows that on the 6th day of January, 1948, which was about two weeks prior to the time the witness was called to testify, letters of guardianship of the person and estate of the injured party had been granted to the sister of the injured party by the order of the county judge of Harris County, upon a finding by him that the injured party was a person of unsound mind.

In addition, the appellant offered the ex parte affidavits of two doctors, specialists in neuro-psychiatry: one, a professor of neuro-psychiatry at the University of Texas Medical School and the other, an assistant director of the State Psychopatic Hospital.

From these affidavits it appears that these doctors made an examination of the injured party about two months prior to the time she was called as a witness, and, upon that examination, the conclusion was expressed that the injured party was "suffering from a psychosis with cerebral areriosclerosis or hardening of the arteries to the brain, high blood pressure and softening of small areas in the brain due to the aforementioned condition." Continuing, each affidavit states: "In my opinion she is mentally incompetent at this time and from the advanced stage of her condition, she has been incompetent for the past three or four years . . ."

Appellant did not seek to introduce such testimony before the jury nor to have the jury, under appropriate instructions, determine the competency of the witness to testify.

It is appellant's position that the order of the county judge constitutes a judicial determination that the injured party is a person of unsound mind, which supplemented by the affidavits

of the doctors, establishes the incompetency of the witness to testify.

The order of the county judge finding the injured party to be a person of unsound mind did not preclude her testimony. Girvin v. State, 112 Tex. Cr. R. 355, 15 S. W. (2d) 643. Indeed, an unvacated judgment, adjudicating one to be a lunatic or person of unsound mind, does not suffice to reject one's testimony. Nations v. State, 91 Tex. Cr. R. 112, 237 S. W. 570; Singleton v. State, 57 Tex. Cr. R. 560, 124 S. W. 92; Downing v. State, 113 Tex. Cr. R. 235, 20 S. W. (2d) 202.

The rule relative to the receipt in evidence of the testimony of a witness claimed to be insane is stated in the Downing case, supra, as follows:

"The rule is stated by Mr. Underhill as follows: 'A witness is not incompetent to testify upon the grounds of his insanity merely because he has been adjudged insane and has been confined in an insane asylum. Evidence of these facts is not conclusive of his insanity. They raise a prima facie presumption of incompetency which the party offering the witness must overcome. The question is one wholly for the trial court in determining the competency of the witness. There is no presumption that insanity shown to have existed has continued down to the date of the trial. The court should consider the conduct and actions of the witness in the court room and may also take into consideration his manner of giving testimony. If the witness appears rational and meets the tests imposed by law in case of the alleged insanity of a witness, he is competent, though it may appear that at one time he was in an asylum for the insane.' "

The bill of exception presenting this matter was qualified by the trial court as follows:

". . . in the opinion of the Court the written testimony offered did not show a final judgment of insanity based upon a trial for insanity, and the Court did not find her to be insane based upon said writings, and observed the lady and listened to her testimony and found her not to have been insane when she testified nor when the events about which she testified occurred; and found that she gave an intelligent and understandable account of these events, and her statements were corroborated by the defendant's own testimony and by his written statement admitted in evidence . . ."

Under the record as here presented, the conclusion is ex-

pressed that the incompetency of the witness to testify was not shown.

Bills of exception appear complaining that the state was permitted, over appellant's objection, to propound to the injured party leading questions and thereby to lead the witness in the giving of her testimony.

Some latitude must, of necessity, be given the trial court as to the manner in which a trial is conducted. Orderly procedure in the court room so requires. This latitude extends to and includes the manner and method of the presentation of the testimony and the examination of the witnesses. To be reversible, errors claimed in such matters must be such as to be openly prejudicial to the rights of the accused, and must constitute an abuse of discretion by the trial court.

The questions here propounded were not of such nature as to bring this case within the rule stated. It would serve no useful purpose to here determine whether the questions propounded were, in fact, leading. What we hold is that, construing the questions as leading—as contended by appellant, no reversible error is shown.

Bills of exception complaining of the admission of evidence showing the contract, dealings, and relationship existing between the appellant and the injured party, out of which this prosecution arose, are controlled by the rule that an accused cannot complain of the admission of testimony where he, himself, testifies to the same facts. Gamble v. State, 207 S. W. (2d) 86.

Other bills of exception are overruled without discussion.

The judgment of the trial court is affirmed.

Opinion approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

Appellant predicates a motion for rehearing upon the proposition that the trial court erred in not sustaining appellant's objection to receiving the testimony of the witness Mrs. Damron on the ground that she was incompetent to testify.

As we understand appellant's position, he is not now claiming that said witness did not exhibit her competency in detailing the facts intelligently before the jury, but solely upon the ground that after appellant had introduced before the trial judge the order of the county court appointing a guardian for Mrs. Damron, and the affidavits of the two physicians shown in our original opinion the trial judge heard no evidence as to the then mental status of the witness, but overruled appellant's objection after merely observing the witness.

It probably would have been more orderly had the trial judge examined the witness on voir dire to test her competency before permitting her to testify before the jury. After all, the question of the witness' competency was a matter for the court to determine. His qualification to the bill complaining of this matter follows:

"* * * in the opinion of the Court the written testimony offered did not show a final judgment of insanity based upon a trial for insanity, and the Court did not find her to be insane based upon said writings, and observed the lady and listened to her testimony and found her not to have been insane when she testified nor when the events about which she testified occurred; and found that she gave an intelligent and understandable account of these events, and her statements were corroborated by the defendant's own testimony and by his written statement admitted in evidence. The testimony of the defendant was that he obtained the money and jewelry, and this, with his confession established the corpus delicti. The fact that defendant obtained her property was not in dispute.

"The question again came up on the hearing of the motion for new trial, and the Court is satisfied that she was a competent witness under the statute."

If the trial judge, in the absence of the jury, had heard the witness recite the facts, and then held her competent to testify, and the witness had then related the same facts before the jury, we would arrive at precisely the same place we find ourselves under the court's qualification.

After again examining the record, and the authorities cited, we conclude that the motion for rehearing should be overruled, and it is so ordered.