**Neil L. CARPENTER, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 44262.**

Court of Criminal Appeals of Texas.

Nov. 30, 1971.

David Ball, Jr., Houston, for appellant.

Carol S. Vance, Dist. Atty., and Jim Skelton, Asst. Dist. Atty., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This is an appeal from a conviction for embezzlement. Trial was before a jury, with punishment set by the court at five years (probated).

The evidence was uncontroverted that O. J. McCullough, the complaining witness, authorized appellant to sell a "drawworks" (an item of oil well equipment) for him. McCullough testified that he later discovered that the drawworks was missing from his place of business, and, on investigation, found that it had been purchased from appellant by one Wood George. McCullough further testified that he had received no proceeds from the sale. Wood George testified that he had purchased the drawworks from appellant, giving in exchange, his check in the amount of $8500.00, payable to appellant. The appellant cashed the check at the bank on which it was drawn.

Appellant raises six grounds of error. His first, second, and sixth grounds will be considered together.

Prior to trial, appellant filed a motion requesting that the complaining witness be submitted to a psychiatric examination for the purpose of determining whether he was a "pathological liar." This motion was accompanied by appellant's affidavit which asserted that the complaining witness was a "pathological liar." The trial court denied this motion at a pre-trial hearing and denied appellant's request to call witnesses in support of the motion. Appellant asserts as his first two grounds of error these denials.

Although the court denied the motion and request at the pre-trial hearing, the court did conduct a hearing the following day as to the competency of the complaining witness to testify. At this hearing, counsel for the State questioned the complaining witness, as did the court. Appellant declined to cross-examine the witness, and did not call witnesses. The court found the witness competent to testify. Appellant contends by his sixth ground of error that this finding was error.

This Court has held that the question of the competency of a witness to testify is a question for determination by the court, and that the court's ruling will not be disturbed unless an abuse of discretion is shown. Melton v. State, 442 S.W.2d 687 (Tex.Cr.App.1969).

In the instant case, the court questioned the witness as to his ability to retain and impart a mental impression, and his understanding of the nature and obligation of an oath. No abuse of discretion is shown.

Further, the burden of proving a witness incompetent is on the party objecting to his competency. Foster v. State, 142 Tex.Cr. R. 615, 155 S.W.2d 938 (Tex.Cr.App.1941). Appellant declined to cross-examine the complaining witness at the pre-trial hearing, and offered no evidence. He did not discharge his burden.

Appellant's first, second, and sixth grounds of error are overruled.

Subsequent to the trial, the court held a hearing on appellant's motion for new trial. One witness testified that the complaining witness had lied concerning a transaction not related to the offense. Appellant's trial counsel testified that he was not aware of inconsistency in the complaining witness' testimony until the time of trial. Appellant testified that he gave one-half of the proceeds of the sale to the complainant, pursuant to an agreement between them. Appellant then called the complainant and asked him several questions regarding his testimony at trial, and whether his testimony was now different. The State objected to these questions, and the objection was sustained. In particular, appellant asked the complainant whether he had received any money from the sale of the drawworks. (The essence of his testimony and the principal element of the State's case at trial was that he had not.) Objection to this question was sustained. Appellant asked to elicit the answer "for the purpose of a bill." His request was denied. Appellant's third and fourth grounds of error allege as error the refusal of the court to allow this testimony.

The gist of appellant's argument is that the court should have allowed the witness to answer the questions because "it is at least conceivable that he [the complainant] would have totally repudiated his trial testimony * * *." Neither an affidavit by the complainant in which he repudiated his testimony as to the essential element of the case nor any other evidence of repudiation was offered by appellant, other than the allegations in his motion.[1]

Appellant's sworn motion for new trial alleges that an internal revenue agent told him subsequent to the trial, that the complainant had stated to the agent that he

---

1. The motion for new trial was a verified motion, i. e., the appellant swore to the truth of its allegations, including an allegation that the complainant had given false testimony at trial. The motion was accompanied by an affidavit which controverted the complainant's testimony regarding a collateral matter. The affidavit

[the complainant] had received $4250.00 from the sale of the drawworks. No affidavit from the agent was offered, nor was the agent called to testify at the hearing, although the court indicated that such witness would be allowed to testify.

In light of the fact that there was nothing other than the appellant's motion which would indicate that the complainant would repudiate his testimony, the trial court did not abuse its discretion in not allowing the complainant to answer the question. See, Kizzee v. State, 166 Tex.Cr.R. 191, 312 S.W.2d 661 (Tex.Cr.App.1958).

■ Appellant contends by his fifth ground of error that the trial court erred in refusing his oral motion for continuance. Article 29.03, Vernon's Ann.C.C.P., provides that a criminal action may be continued on the *written* motion of either party, upon a showing of sufficient cause, if such cause is fully set forth in the motion. A refusal to grant an oral motion for continuance, whether made before or after the trial commenced, is not ground for reversal. Gaines v. State, 468 S.W.2d 853 (Tex.Cr.App.1971); Stubbs v. State, 457 S.W.2d 563 (Tex.Cr.App.1970); Finch v. State, 399 S.W.2d 544 (Tex.Cr.App.1966); Crenshaw v. State, 389 S.W.2d 676 (Tex. Cr.App.1965).

■ Appellant's seventh ground of error reads as follows:

"7. The trial judge erred in not granting a new trial based on the many contradictory, conflicting, opposite, varied, indefinite and inconclusive sworn statements made by the complaining witness O. J. McCullough before the Grand Jury, during the trial and at the post trial proceedings."

This ground of error does not comply with Art. 40.09(9), V.A.C.C.P., which provides in part:

*did not controvert the testimony regarding the failure of the complainant to re-*

" * * * Each ground of error shall briefly refer to that part of the ruling of the trial court, charge given to the jury, or charge refused, admission or rejection of evidence or other proceedings which are designated to be complained of in such way as that the point of objection can be clearly identified and understood by the court. * * *."

and will not be considered by this Court. Frey v. State, 466 S.W.2d 576 (Tex.Cr. App.1971); Gano v. State, 466 S.W.2d 730 (Tex.Cr.App.1971); McElroy v. State, 455 S.W.2d 223 (Tex.Cr.App.1970).

■ Appellant's eighth ground of error states that the trial court erred in not granting a hearing on his *Second* Amended Motion for New Trial. This motion was filed after the hearing on the first motion was held.

The record reflects that the court held a hearing on appellant's motion requesting leave of the court to file a *Second* Amended Motion for New Trial, and denied the motion.

A denial of a hearing on a motion for new trial is not error, where the motion is not timely filed. Hilton v. State, 443 S. W.2d 844 (Tex.Cr.App.1969). In this case, the motion was filed after the statutory period. Art. 40.05, V.A.C.C.P.

Further, the motion alleged newly discovered evidence, but did not state the nature of the evidence, nor were any affidavits attached in support of the allegation. No showing was made why such affidavits were not attached. The refusal of the court to entertain the motion was not error. Fontenot v. State, 426 S.W.2d 861 (Tex.Cr.App.1968); Barrera v. State, 371 S.W.2d 881 (Tex.Cr.App.1963); Chamberland v. State, 170 Tex.Cr.R. 124, 338 S.W. 2d 726 (Tex.Cr.App.1960).

The judgment is affirmed.

*ceive the proceeds from the sale of the rig.*