Jerry Lee YOUNG, Appellant,

v.

The STATE of Texas, Appellee.

No. 6–83–099–CR.

Court of Appeals of Texas, Texarkana.

April 30, 1985.

---

4. Webster's Third New International Dictionary 1976 Edition.

Pat F. Beadle, Clarksville, for appellant.

Tom Wells, Dist. Atty., Kerye Ashmore, Asst. Dist. Atty., Paris, for appellee.

BLEIL, Justice.

Jerry Young's appeal from a driving while intoxicated conviction presents a significant question: Does the denial of any part of the statement of facts to an appellant always require reversal? In this instance, we hold that it does not because the record otherwise adequately establishes the missing portion of the record, and no harmful error occurred during the proceedings for which no statement of facts exists. Consequently, we affirm.

Paris police officer Clay Owen saw Young driving his car down the wrong side of the road. Young stopped, got out of his car, walked to the front, and raised the hood. When Owen approached, he detected alcohol on Young's breath. Observing that Young staggered and slurred his speech, Owen believed him to be intoxicated. When offered a blood alcohol test, Young refused.

The case proceeded to trial on August 22, 1983. After the court selected the jury and discharged the remainder of the panel, it granted Young a continuance until August 30. In advising the jury, the trial court said that it granted Young's motion for continuance and that the jury would have to come back Tuesday, August 30, for trial. We accept as accurate Young's accounting of what occurred after the court granted his motion for continuance. In his brief, Young states that:

> In open court, and in the course of advising the selected jury to return on August 30, 1983, the trial court advised the jurors: "the defendant has filed a motion for continuance, which the court has granted, and it will therefore be necessary for you to come back next Tuesday, August 30, 1983, at 9:00 a.m." or words to that affect (sic).

Young contends that the trial court's remarks prejudiced the jury against him. The trial court conducts a trial within its discretion so long as the court's action does not prejudice the rights of an accused. *Flannery v. State*, 153 Tex.Cr.R. 36, 216 S.W.2d 980 (1948); *Clayton v. State*, 148 Tex.Cr.R. 16, 184 S.W.2d 146 (1944). To constitute reversible error, the trial court's comment must be reasonably calculated to prejudice the defendant's rights. *Smith v. State*, 595 S.W.2d 120 (Tex.Cr.App.1980). The trial court's remarks are not calculated to injure Young. Rather, the remarks concern the logical progression of the trial and explain to the jury when it would come back for trial and why. With regard to the remarks, Young shows no reversible error.

We now turn to the most weighty issue presented by this appeal. Namely, whether the fact that Young is deprived of a part of the statement of facts necessitates reversal. Young properly requested the court reporter to transcribe the proceedings. Tex.Code Crim.Proc.Ann. art. 40.09, § 4 (Vernon Supp.1985). The trial court directed the court reporter to record the proceedings. The court reporter did take down all proceedings requested, including the proceedings concerning Young's request for continuance, the trial court's consideration of that request and the announcement by the court that the case, upon Young's motion, would be continued. However, after trial, a courthouse fire destroyed that part of the court reporter's notes covering the proceedings when the court advised the jury of the continuance. Thus, a part of the statement of facts is now unavailable through no fault of either party.

Ordinarily, when an appellant, through no fault of his own or his counsel, is deprived of a part of the statement of facts, we cannot affirm the conviction. *Austell v. State*, 638 S.W.2d 888 (Tex.Cr.App.1982). And, it is not always necessary that the appellant claim that harm or error occurred during the missing portion of the statement of facts. *Gamble v. State*, 590 S.W.2d 507 (Tex.Cr.App.1979); *Ex parte Jones*, 562 S.W.2d 469 (Tex.Cr.App.1978); *Cartwright v. State*, 527 S.W.2d 535 (Tex. Cr.App.1975).

The unique circumstances of this case require close scrutiny. In most instances in which a part of the statement of facts is missing, the appellate court has no way of knowing what transpired in court during the missing portion. Our case is distinguishable from the cases which set forth the general rule entitling an appellant to reversal in the absence of a statement of facts or a part thereof. Both Young and the trial court agree on what took place and what was said during the period not covered by the statement of facts. The trial court recounted the events on the record. Young has preserved the remarks by way of a bill of exception and also has set them out in his brief. Our circumstances show exactly what occurred. We find no reversible error and decline to reverse a case solely because a small portion of the statement of facts, covering a matter proven by other matters of record, happens to be missing through no fault of either party.

Young also argues that the evidence is insufficient to support a conviction. The testimony of Owen by itself supports the conviction. *Annis v. State*, 578 S.W.2d 406 (Tex.Cr.App.1979). We conclude that a rational trier of fact could find the elements of driving while intoxicated beyond a reasonable doubt and find the evidence sufficient. *Carlsen v. State*, 654 S.W.2d 444 (Tex.Cr.App.1983).

Young raises several additional grounds of error concerning evidentiary and pretrial matters. We find no merit in the additional grounds of error and they are overruled.

We affirm the judgment of conviction.