**Armando RODRIGUEZ, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 13–92–686–CR.**

Court of Appeals of Texas,
Corpus Christi.

Dec. 15, 1994.

Rehearing Overruled Feb. 16, 1995.

Knox Jones, Jones & Welch, Joseph A. Connors, III, McAllen, for appellant.

Theodore C. Hake, Asst. Crim. Dist. Atty., Rene Guerra, Dist. & County Atty., Edinburg, Cynthia A. Morales, Asst. Crim. Dist. Atty., Corpus Christi, for appellee.

Before KENNEDY, DORSEY and GILBERTO HINOJOSA, JJ.

**OPINION**

GILBERTO HINOJOSA, Justice.

A jury found appellant guilty of delivering cocaine. The trial court assessed punishment at ten years in prison. We affirm.

By his first point of error, appellant complains that the trial court erroneously permitted Arturo Lopez to testify about statements made to him by Antonio Fuentes. The trial court permitted these hearsay statements to be admitted under the co-conspirator exception to the hearsay rule. *See* Tex.R.Crim.Evid. 801(e)(2)(E). To place appellant's complaints in context, we briefly summarize Lopez's testimony.

Lopez, a narcotics investigator, testified that on September 25, 1991, he was working undercover as a cocaine buyer. He was investigating Antonio Fuentes, from whom he had previously purchased a small amount of cocaine. On the 25th, Lopez asked Fuentes if he could deliver as much as eight ounces of cocaine. Fuentes said he could but would have to get back in touch with Lopez. On September 27, Lopez met with Fuentes. Over objection, Lopez testified Fuentes agreed to deliver eight ounces of cocaine the following day.

On September 28, Lopez spoke to Fuentes on the telephone.[1] They arranged to meet in the parking lot of the Pharr Pizza Hut. Because of an operational error, Fuentes spotted one member of the police raid team, and the delivery was not completed.

Later that same day, Fuentes called Lopez to arrange another time for the transaction. They agreed to meet at Twin Plaza. When Lopez arrived, Fuentes was in the parking lot. Lopez asked about the cocaine, and Fuentes responded, "It's not here, it's just a phone call away." Fuentes walked to a pay phone and placed a call. Fuentes did not say who was bringing the cocaine, just that someone was bringing it. After Fuentes made the call, a beige BMW approached, Fuentes said, "Here it comes," and appellant arrived, driving the BMW. Fuentes told Lopez to get in the car. Lopez got in the front passenger's seat. As soon as Lopez closed the door, he shook hands with appellant and asked him for the "stuff." Appellant said, "It's in there," pointing to the glove compartment. Lopez took a white bag out of the compartment, saw smaller bags inside, took them out, counted them on the floorboard, and opened one for examination. Appellant told Fuentes to go with Lopez and get the money. At that point, Lopez exited the car and gave the arrest signal to other officers.

By point one, appellant complains that Lopez should not have been permitted to testify about any statements made by Antonio Fuentes on September 25 and September 27.[2] Appellant specifically complains that

1. At this point appellant received a running objection concerning "anything that Mr. Fuentes said."

2. Lopez testified concerning what occurred on September 25 before appellant objected or obtained a running objection. Appellant therefore did not preserve for review his complaint about this portion of Lopez's testimony. Nonetheless, we address this portion of appellant's complaint assuming error was preserved.

the trial court should have excluded Lopez's testimony that Fuentes could deliver eight ounces of cocaine, a statement made on September 27. Appellant does not specify which statements made on the 25th should have been excluded, but he complains generally about everything Lopez said Fuentes said.

The State relied on the co-conspirator exception to the hearsay rule when it offered the statement made on the 27th. *See* Tex. R.Crim.Evid. 801(e)(2)(E). Appellant responded that there was no evidence of a conspiracy. When appellant later requested a running objection, the State did not present any theory for admission, but it is apparent from the objection's context that the trial court granted the running objection on the basis of the coconspirator exception.

Rule 801(e)(2)(E) provides that a statement is not hearsay "if the statement is offered against a party and is a statement by a coconspirator of a party during the course and in furtherance of the conspiracy." *See Williams v. State,* 790 S.W.2d 643, 645 (Tex. Crim.App.1990).[3]

In asserting error, appellant claims the initial determination must be based on evidence independent of the coconspirator statement. He cites *Armentrout v. State,* 645 S.W.2d 298, 301 (Tex.Crim.App.1983), and *Sherwood v. State,* 732 S.W.2d 787, 796 (Tex. App.—Fort Worth 1987, no pet.). While these cases stand for the proposition appellant asserts, these cases predate Rule 801(e)(2)(E) and therefore are not controlling.

■ Since the adoption of the Texas Rules of Criminal Evidence, the trial court is permitted to use the hearsay statement as an aid in determining whether the State met its burden to show the existence of a conspiracy. *See Crawford v. State,* 863 S.W.2d 152, 164 (Tex.App.—Houston [1st Dist.] 1994, pet. granted); *Murdock v. State,* 840 S.W.2d 558, 562 (Tex.App.—Texarkana 1992, pet. ref'd). As the Amarillo Court stated:

> The Texas Rules of Criminal Evidence are derived from the Federal Rules of Evidence and, in the construction of the Texas Rules, persuasive value is accorded the federal decisions interpreting the federal rules. Texas Rule 801(e)(2)(E) is identical to federal rule 801(d)(2)(E), which was construed in *Bourjaily v. United States,* 483 U.S. 171, 107 S.Ct. 2775, 97 L.Ed.2d 144 (1987).

*Callaway v. State,* 818 S.W.2d 816, 831 (Tex. App.—Amarillo 1991, pet. ref'd).

The *Bourjaily* Court held that a trial judge may consider any evidence, including the proffered hearsay statements, in determining whether statements are admissible under the co-conspirator exception to the hearsay rule. *See Bourjaily v. United States,* 483 U.S. 171, 107 S.Ct. 2775, 97 L.Ed.2d 144 (1987).

■ The rationale for this is that determination of the existence of a conspiracy is a preliminary question of fact to be resolved by the trial court. *Bourjaily v. United States,* 483 U.S. 171, 175, 107 S.Ct. 2775, 2778–79, 97 L.Ed.2d 144 (1987); *see also Casillas v. State,* 733 S.W.2d 158, 168 (Tex.Crim.App. 1986). In determining preliminary questions concerning the admissibility of evidence, such as the existence of a conspiracy, the trial court is not bound by the rules of evidence. Tex.R.Crim.Evid. 104(a). Preliminary questions of the admissibility of evidence are within the province of the trial court, which has broad discretion in the determination of such questions. *McVickers v. State,* 874 S.W.2d 662, 664 (Tex.Crim.App.1993). Accordingly, in contrast to appellant's assumption, the trial court did not have to rely on evidence independent of the statements in determining their admissibility.

■ We do not know the extent to which appellant's reliance on former law colors his complaint, but we nonetheless review his complaints under present law. Appellant contends Lopez should not have been permitted to testify, under the coconspirator exception to the hearsay rule, about statements Fuentes made on the 25th and the 27th because no conspiracy was shown to exist at

3. These are two separate requirements which the State must meet by a preponderance of the evidence. *Meador v. State,* 812 S.W.2d 330, 333 (Tex.Crim.App.1991).

that time.[4] We agree with appellant. The State never showed that, on September 25 or September 27, appellant and Fuentes had entered into a conspiracy to deliver cocaine to Lopez or anyone else. In fact, at those times, Lopez was not aware that anyone other than Fuentes was involved in the proposed delivery, and there was no evidence introduced later to show that appellant had been involved in a conspiracy with Fuentes on those dates. The statements themselves do not implicate anyone else, nor does the independent evidence. Thus, the trial court erred in permitting Lopez to testify about Fuentes' statements made to him on those dates, as an exception to the hearsay rule under the coconspirator exception.

■ Appellant further asserts that Lopez should not have been able to testify that Fuentes said the cocaine was "just a phone call away." This statement was made on September 28, minutes before appellant arrived at Twin Plaza with the cocaine. In considering whether this statement was admissible, the trial court was entitled to rely both on independent evidence and the statement itself. The evidence shows that Fuentes made this statement and placed a telephone call just before appellant arrived with the cocaine that Lopez and Fuentes discussed. This evidence supports the trial court's implicit ruling that Fuentes' statement was made during, and in furtherance of the conspiracy. By making the call and explaining the cocaine was just a phone call away, Fuentes revealed that he was not acting alone. Appellant's later actions in arriving with the cocaine and pointing to it show that he was a member of the conspiracy when Fuentes made the statement. Accordingly, the trial court did not err in admitting this statement.

■ In sum, we are presented only with some hearsay statements which should not have been admitted under the coconspirator exception. A similar situation occurred in *United States v. Mahkimetas,* 991 F.2d 379 (7th Cir.1993). In *Mahkimetas,* the Court of Appeals found the error harmless. We do likewise, applying Tex.R.App.P. 81(b)(2).

In applying Rule 81(b)(2), we are required to calculate "as much as possible the probable impact of the error on the jury in light of the existence of the other evidence." *Harris v. State,* 790 S.W.2d 568, 587 (Tex.Crim.App. 1989). We examine the source of the error, the nature of the error, the extent it was emphasized by the State, its probable collateral implications, how much emphasis a juror would probably place on the error, and whether declaring the error harmless would encourage the State to repeat it with impunity. *Id.*

The statement, "Mr. Fuentes advised me that he could deliver eight ounces," does not implicate appellant in any criminal conduct. It does not even hint that appellant was involved with Fuentes at that time. This is also true of the discussions Lopez had with Fuentes on September 25. The improperly admitted hearsay testimony does not prejudice appellant. The testimony was not emphasized by the State, and we do not believe a juror would place much emphasis on testimony that did not implicate appellant. The error is not one which would encourage the State to repeat it with impunity. The trial court merely erred in admitting non-prejudicial hearsay statements of the co-conspirator which were uttered before the conspiracy was shown to have been established. We further note that Fuentes' statements would have been admissible under Tex.R.Crim. Evid. 803(24), the penal interest exception to the hearsay rule. *See Davis v. State,* 872 S.W.2d 743, 748 (Tex.Crim.App.1994); *Cofield v. State,* 891 S.W.2d 952 (Tex.Crim.App. 1994). Thus, the error here is that the State offered, and the trial court admitted, hearsay evidence under the wrong exception. The evidence was admissible, just not under the exception relied on by the State.

Furthermore, assuming Lopez's prior contacts with Fuentes were relevant since appellant never objected on relevancy grounds, Lopez could have properly testified, as he did, that he bought cocaine from Fuentes on

4. The statements made on the 25th were in relation to the delivery of cocaine and Fuentes' ability to deliver larger quantities. The statement made on the 27th was that Fuentes said he could deliver eight ounces.

prior occasions and arranged to purchase a larger quantity. As the hearsay complained of is cumulative of this testimony, we cannot see how the admission of Fuentes' actual statements unfairly prejudiced appellant. We find that appellant suffered no harm. Point one is overruled.

By point two, appellant contends that the trial court violated his right to confront Antonio Fuentes when it denied him a continuance to secure Fuentes' presence. The record shows that after appellant testified, his defense counsel stated that he had called Fuentes as witness, but, as Fuentes was not present, the defense was asking for a continuance to secure Fuentes' attendance. The State opposed the request, stating that appellant was not permitted to call a witness knowing that the witness would plead the Fifth Amendment. Without further discussion, the trial court overruled the motion.

Assuming appellant presented the same complaint at trial as he now raises on appeal, we find no error. Appellant, in moving for his continuance, presented no evidence that he could obtain Fuentes' presence and that Fuentes would not take the Fifth Amendment. It is well settled that a defendant cannot call a witness merely to have the witness invoke the Fifth Amendment in the jury's presence. *Mendoza v. State,* 552 S.W.2d 444, 450 (Tex.Crim.App.1977); *Rodriguez v. State,* 513 S.W.2d 594, 595–96 (Tex. Crim.App.1977).

As movant for the continuance, appellant had the burden of showing that the witness would testify to something material to the defense. *Gentry v. State,* 770 S.W.2d 780, 786 (Tex.Crim.App.1988); *Berry v. State,* 442 S.W.2d 713, 715 (Tex.Crim.App.1969); *see* Tex.Code Crim.Proc.Ann. art. 29.13 (Vernon 1989). Appellant did not do this. Point two is overruled.

The judgment of the trial court is affirmed.