COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-373-CR
  
  
TRENTON 
DEWAYNE PICKETT                                                APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
  
  
------------
 
FROM 
THE COUNTY COURT OF MONTAGUE COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
I. Introduction
        Appellant 
Trenton Dewayne Pickett (“Pickett”) appeals his conviction for violation of 
a protective order through two points, arguing that (1) the trial court erred by 
denying his motion for continuance, and (2) the evidence was legally and 
factually insufficient to support his conviction. We will affirm.
II. Factual Background
        The 
marriage of Anita Pickett, now Anita Elliot (“Anita”), and Pickett was less 
than idyllic. After Anita endured three years of physical abuse, including being 
grabbed by the throat, thrown across the room, and told she would be killed, a 
protective order was entered against Pickett on August 15, 1997, effective 
through August 15, 1998. It prohibited him from:
  
Committing 
acts of family violence against the following members or former members of the 
family or household: ANITA ANN PICKETT, to-wit: commit any act that is intended 
to result in physical harm, bodily injury, assault, or sexual assault, or that 
is a threat that reasonably places the aforesaid members in fear of imminent 
physical harm, bodily injury, assault, or sexual assault, but does not include 
defensive measures to protect oneself, or abuse, as that term is defined by 
Section 34.012 (1)(C)(E) and (G) of the Family Code.
 
 
        From 
Pickett’s standpoint, there was testimony that Anita had pulled a gun on him, 
kicked him, thrown things at him, and threatened him. Despite the issuance of 
the protective order, Anita was phoned, followed, chased, and stalked by Pickett 
everywhere she went, according to her testimony. On June 30, 1998, her present 
husband, James Elliot (“James”) met her about 2 a.m. as she returned from 
work. She then drove her car, with James in the passenger seat. Although traffic 
was very light, a vehicle with its high beam headlights “on” came up behind 
her car. The vehicle was a cream-colored Bronco of the same type owned by 
Pickett. After she pulled over to let the Bronco pass, it passed so close to her 
car that she was able to see that Pickett was driving the vehicle. The Bronco 
then began swerving back and forth, slowing down and accelerating, and Anita had 
to maneuver her vehicle to keep the cars from colliding. At one point she passed 
the Bronco but was then chased at speeds of up to ninety miles an hour. Objects 
were thrown from the Bronco at her car, including a full can of soft drink that 
broke her rear window. After the Bronco sped ahead and went over a hill, Anita 
crested the hill, and the Bronco, which now had its lights off, raced after her 
car once she passed it. The Bronco swerved toward her car, in an apparent 
attempt to hit it, but she swerved out of the way. All during this time, Anita 
felt frightened and threatened, feared for her life, and believed she could be 
hurt or killed. During the experience she remembered that Pickett had told her 
that if he could not have her, nobody was going to have her. At trial, James was 
unable to identify the driver of the Bronco, although at one time he and Pickett 
had been best friends. On the next two nights, July 1 and July 2, 1998, similar 
incidents occurred, but Anita was not able to identify the driver.
III. Procedural Background
        Following 
the June 30, July 1, and July 2 incidents, Pickett was charged through an 
information alleging acts of family violence and that “on or about the 30th 
day of June, 1998, defendant [Pickett] followed ANITA PICKETT in a vehicle, 
tried to run into her vehicle, and threw an object out of his window causing it 
to hit her window and break her window.” Defendant filed a first motion 
for continuance of the initial April 21, 1999 trial setting, indicating he 
wished to be represented by counsel other than Brian Powers, his attorney at the 
time. The continuance requested a resetting for May 12, 1999. After the case was 
reset to the date requested, the defendant filed his second motion for 
continuance indicating that he still wished to be represented by other counsel 
and requesting a resetting for June 16, 1999. After the trial was reset to the 
date requested, defendant filed a third motion for continuance, again 
requesting other counsel and requesting that the case be reset to “a later 
date.”
        On 
March 3, 2003, Pickett’s attorney, Mr. Powers, filed a motion to withdraw, 
which was granted, and according to the motion, the file was transferred to Mr. 
Walsh, his attorney at trial. The case was set for trial a fourth time for June 
26, 2003 and was tried before a jury, but not before yet another motion for 
continuance, the fourth, was made orally by appellant, the denial of 
which is a part of the appeal in this case. The jury found the defendant guilty 
of violating the protective order, and the court sentenced Pickett to ninety 
days’ confinement in the Montague County Jail and a one-thousand-dollar fine.
IV. Denial of Continuance—Standard of Review
        Pickett’s 
initial point of error is that the trial court erred by denying his fourth 
motion for continuance. Granting 
or denying any motion for continuance is within the sound discretion of 
the trial court. Wright v. State, 28 S.W.3d 526, 532 (Tex. Crim. 
App. 2000), cert. denied, 531 U.S. 1128 (2001); Janecka v. State, 
937 S.W.2d 456, 468 (Tex. Crim. App. 1996), cert. denied, 522 U.S. 825 
(1997). In order to establish an abuse of the trial court's discretion, an 
appellant must show that the denial of the motion resulted in actual prejudice. Wright, 
28 S.W.3d at 532; Janecka, 937 S.W.2d at 468.
        On 
the day of trial, June 26, 2003, Pickett’s counsel orally moved for a 
continuance of the trial setting. A refusal to grant an oral motion for 
continuance is not a ground for reversal. Montoya v. State, 810 S.W.2d 
160, 176 (Tex. Crim. App. 1989); Carpenter v. State, 473 S.W.2d 210, 213 
(Tex. Crim. App. 1971).
        The 
reasons articulated as to the need for the continuance were that (1) Pickett’s 
witnesses were not notified or consulted, (2) defense counsel was not prepared 
for trial, and (3) defense counsel was recovering from surgery.
        First, 
the defendant asserts that a “crucial defense witness” was not available to 
testify at trial. Unfortunately, Pickett did not favor the trial court, nor this 
court, with the identity of the missing witness, the substance of the testimony 
of the missing witness, or an explanation of why the witness was “crucial,” 
or how the individual was a witness, and to what. If a continuance is sought 
because of the absence of a witness, the motion for continuance must inform the 
court, among other things, of the name and address of the witness, the diligence 
used to procure the witness’s attendance, the facts expected to be proven by 
the witness and their materality. Tex. 
Code Crim. Proc. § 29.06 (Vernon 1989); Lathem v. State, 20 
S.W.3d 63, 66 (Tex. App.—Texarkana 2000, pet. ref’d); Rodriguez v. State, 
896 S.W.2d 203, 207 (Tex. App.—Corpus Christi 1994, no pet.).
        Second, 
defense counsel never informed the court that he was not prepared for trial, 
which began June 26, 2003. To show an abuse of discretion in denying a motion 
for continuance for this reason, it is necessary that defense counsel show 
specifically how the defendant was harmed by the absence of more preparation of 
time, which was not done. See Duhamel v. State, 717 S.W.2d 80, 83 (Tex. 
Crim. App. 1986). Defendant asserts on appeal that counsel was unprepared 
because the date of the offense was changed on the date of trial. Again, 
Pickett’s counsel did not indicate to the court that he was not ready to go to 
trial for this reason. The original Information alleged that appellant committed 
acts of family violence against Anita Pickett on October 5, 1997, in violation 
of the protective order, but it also alleged that the specific acts that 
violated the protective order were done on June 30, 1998. [2] On 
June 11, 2003, the State sought to amend the Information, and attached to the 
Motion to Amend the corrected Amended Information replacing the October 5, 1997 
date with the June 30, 1998 date. The date of the original complaint also 
indicated that the incident was June 30, 1998. Counsel did not object to the 
Motion to Amend, and on June 18 the trial court permitted the amendment by 
Order. According to Texas Code of Criminal Procedure, article 1.14(b), any 
objection to an amendment must be made before the date of trial or it is waived 
and forfeited. Tex. Code Crim. Proc. 
art. 1.14(b). The court commented that the fourth motion for continuance was 
“just grasping at straws trying to get a continuance.”
        Finally, 
defense counsel informed the potential members of the jury during voir dire that 
he had recently had surgery but did not urge the trial court to grant a 
continuance based on that reason.
        We 
cannot say that the trial court abused its discretion in denying the fourth 
requested continuance under these circumstances. Picket’s first point is 
overruled.
V. Insufficiency of the Evidence
        In 
reviewing the legal sufficiency of the evidence to support a conviction, we view 
all the evidence in the light most favorable to the verdict in order to 
determine whether any rational trier of fact could have found the essential 
elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 
U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Burden v. State, 55 S.W.3d 
608, 612 (Tex. Crim. App. 2001). This standard gives full play to the 
responsibility of the trier of fact to resolve conflicts in the testimony, to 
weigh the evidence, and to draw reasonable inferences from basic facts to 
ultimate facts. Jackson, 443 U.S. at 319, 99 S. Ct. at 2789. When 
performing a legal sufficiency review, we may not sit as a thirteenth juror, 
re-evaluating the weight and credibility of the evidence and, thus, substituting 
our judgment for that of the fact finder. Dewberry v. State, 4 S.W.3d 
735, 740 (Tex. Crim. App. 1999), cert. denied, 529 U.S. 1131 (2000).
        The 
Texas Court of Criminal Appeals has recently restated and clarified the standard 
of review to be used by appellate courts in reviewing the factual sufficiency of 
the evidence to support a conviction. Zuniga v. State, No. 539-02, 2004 
WL 840786, at *7 (Tex. Crim. App. April 21, 2004). In Zuniga, the court 
held:
  
There 
is only one question to be answered in a factual-sufficiency review: Considering 
all of the evidence in a neutral light, was a jury rationally justified in 
finding guilt beyond a reasonable doubt? However, there are two ways in which 
the evidence may be insufficient. First, when considered by itself, evidence 
supporting the verdict may be too weak to support the finding of guilt beyond a 
reasonable doubt. Second, there may be both evidence supporting the verdict and 
evidence contrary to the verdict. Weighing all the evidence under this balancing 
scale, the contrary evidence may be strong enough that the 
beyond-a-reasonable-doubt standard could not have been met, so the guilty 
verdict should not stand. This standard acknowledges that evidence of guilt can 
“preponderate” in favor of conviction but still be insufficient to prove the 
elements of the crime beyond a reasonable doubt. Stated another way, evidence 
supporting guilt can “outweigh” the contrary proof and still be factually 
insufficient under a beyond-a-reasonable-doubt standard.
 
 
Id. 
To make a determination of factual insufficiency, a complete and detailed 
examination of all the relevant evidence is required. Johnson v. State, 
23 S.W.3d 1,12 (Tex. Crim. App. 2000). A proper factual sufficiency review must 
include a discussion of the most important and relevant evidence that supports 
the appellant’s complaint on appeal. Sims v. State, 99 S.W.3d 600, 603 
(Tex. Crim. App. 2003).
        Pickett’s 
principal contention with regards to the sufficiency of the evidence is that 
during cross examination, Anita testified that “probably on that night” she 
told Officer Johnson that she couldn’t tell for sure who was driving the 
vehicle because it was so dark. However, her subsequent testimony indicated that 
at that point she was testifying about the July 1st incident and not the June 
30th incident, the subject of the trial. Pickett also complains that there was 
no evidence of communication with Anita as required under Texas Penal Code 
section 25.07 regarding the violation of a protective order. Tex. Penal Code § 25.07 (Vernon Supp. 
2004-05). However, Pickett was prosecuted under section 25.07 of the Texas Penal 
Code, of which communication is not an element. Id at § 25.07.
        Finally, 
Pickett complains that there is no evidence that he committed any acts of family 
violence “intended to result in physical harm, bodily injury, assault, or 
sexual assault, or that is a threat that reasonable (sic) places the a foresaid 
members in fear of imminent physical harm, bodily injury, assault, or sexual 
assault.” Pickett apparently ignores the testimony concerning following Anita 
in his vehicle at close proximity, trying to run into her car, and hitting her 
car with a soft drink can and breaking the window, as a result of which, she 
feared for her safety and her life. A review of the evidence under both the 
legal and factual sufficiency standards reaches the same result—the evidence 
supports Pickett’s conviction. Pickett’s second point is overruled.
VI. Conclusion
        Having 
overruled appellant’s points, we affirm the trial court’s judgment.
  
  
  
                                                                  BOB 
MCCOY
                                                                  JUSTICE
  
  
PANEL 
A:   CAYCE, C.J.; WALKER and MCCOY, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
August 12, 2004


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
“Defendant violated the protective order in that on or about the 30th 
day of June, 1998, Defendant followed ANITA PICKETT in a vehicle, tried to run 
into her vehicle, and threw an object out of his window causing it to hit her 
window and break her window.”