Bennie G. KIMBLE, Appellant,

v.

The STATE of Texas, Appellee.

No. 51594.

Court of Criminal Appeals of Texas.

May 26, 1976.

Pat McDowell, Dallas, for appellant.

Henry Wade, Dist. Atty., Steve Wilensky, Phil Dixon and Jim Walker, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

BROWN, Commissioner.

This is an appeal from a conviction for the offense of aggravated robbery under V.T.C.A. Penal Code, Sec. 29.03. The jury assessed punishment at thirty (30) years in the Texas Department of Corrections.

The sufficiency of the evidence is not challenged. The evidence showed that the appellant and another were identified as the two men who entered a Sizzler Steak House, and by the use of pistols took approximately three hundred dollars and also forty or forty-four steaks. The two were arrested thereafter following a chase by the Dallas police.

The appellant presents a single ground of error which reads as follows:

"The honorable trial court erred in permitting the codefendant to be brought before the jury in jail overalls and identified over appellant's objection."

The appellant argues that since it is clear that a defendant cannot be tried in jail clothing the same rationale should extend to the trial in general. The appellant further argues that since he is entitled to a fair trial he was prejudiced by having a man identified as his companion in the robbery exhibited to the jury and identified in jail clothing. The appellant then reasons that exhibiting the appellant's companion in jail clothing was tantamount to forcing the appellant to trial in jail clothing.

We disagree.

In the very recent case of *Estelle v. Williams*, —— U.S. ——, 96 S.Ct. 1691, 48 L.Ed.2d 126 (decided May 3, 1976), the United States Supreme Court held that the Fourteenth Amendment to the United States Constitution prohibited a state from compelling an accused to stand trial while dressed in prison clothing. In reaching this conclusion the majority speaking through Mr. Chief Justice Burger stated:

"The right to a fair trial is a fundamental liberty secured by the Fourteenth Amendment. *Drope v. Missouri*, 420 U.S. 162, 172, 95 S.Ct. 896, 904, 43 L.Ed.2d 103, 113 (1975). The presumption of innocence, although not articulated in the Constitution, is a basic component of a fair trial under our system of criminal justice. Long ago this Court stated:

" 'The principle that there is a presumption of innocence in favor of the accused is the undoubted law, axiomatic and elementary, and its enforcement lies at the foundation of the administration of our

criminal law.' *Coffin v. United States,* 156 U.S. 432, 453, 15 S.Ct. 394, 403, 39 L.Ed. 481, 491 (1895).

"To implement the presumption, courts must be alert to factors that may undermine the fairness of the fact-finding process.

\* \* \* \* \* \*

"The potential effects of presenting an accused before the jury in prison attire need not, however, be measured in the abstract. Courts have, with few exceptions, determined that an accused should not be compelled to go to trial in prison or jail clothing because of the possible impairment of the presumption so basic to the adversary system." (footnotes omitted)

Clearly, the Supreme Court in *Estelle v. Williams,* supra, is speaking to the accused's right not to be tried in jail clothes because of the possible infringement of the accused's presumption of innocence.

There is no showing of harm or prejudice to the appellant as contended in appellant's brief and our own examination of the record discloses none. The evidence against the appellant was overwhelming and even had error been shown, the error would have been harmless beyond a reasonable doubt. See *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); *Harrington v. California,* 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969).

The appellant's ground of error is overruled.

The judgment is affirmed.

Opinion approved by the Court.