Shelton Paul RANDLE, Appellant,

v.

The STATE of Texas, Appellee.

No. 09–90–066 CR.

Court of Appeals of Texas,
Beaumont.

Feb. 27, 1991.

Discretionary Review Granted
(Appellant) June 12, 1991.

Discretionary Review Refused
(State) June 12, 1991.

James A. DeLee, Port Arthur, for appellant.

Tom Maness, Dist. Atty., John R. De-Witt, Asst. Dist. Atty., Beaumont, for State.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

## OPINION

BROOKSHIRE, Justice.

In the September term, 1989, an indictment was returned charging the Appellant, Shelton Paul Randle, with the offense of delivery of a controlled substance, to-wit, cocaine. Also in the indictment was an enhancement paragraph setting out a robbery conviction, which conviction was alleged to have occurred in January, 1984.

Trial on the merits in this matter began January 29, 1990, and concluded on January 30, 1990. On January 29, 1990, just before *voir dire* was conducted, the court proceeded with the hearing of several motions (e.g., removal of present counsel and appointment of new counsel). In addition to the prior motions, the Appellant filed a motion for speedy trial. The trial court granted the motion for speedy trial but denied the motions for removal of present appointment counsel and for appointment of new counsel. At this same hearing, the

Appellant's counsel raised an objection to the Appellant being placed before the jury in jail attire. The court denied the Appellant's objection based on the premise that the jail did not have any civilian clothes for the Appellant, nor could the Appellant fit in the civilian clothes that the court had, nor did the Appellant's counsel or family bring any civilian clothes in which the Appellant could be dressed. The Appellant admits he was notified the day before he was going to trial. Notably, no motion for continuance was filed or requested by the Appellant or his counsel.

The court proceeded with *voir dire*, even though the Appellant was dressed in jail clothes. Just prior to the closing of *voir dire*, the court admonished the panel not to hold it against the Appellant simply for being in jail clothing, but the court also inquired as to whether any one on the panel thought the Appellant was automatically guilty because of his dress. There was no response. Again, the court asked the panel if his dress bothered anyone at all. Again, there was no response. In addition to the court's admonishment, the State through its trial counsel, did the same.

The Appellant's counsel only lodged an objection which the court overruled the relevant motion. The jury panel left the courtroom. Just prior to the picking of the jurors, the attorney for the Appellant moved for a mistrial. The motion was denied by the court because defense counsel was given adequate and timely notice of the trial date; but no clothes had been provided for the Appellant. Besides, the Appellant had filed a motion for speedy trial upon which he insisted.

On January 30, 1990, the Appellant was dressed in civilian attire. The Appellant was found guilty of delivery of a controlled substance, cocaine. The jury assessed punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for 40 years and fined $10,000. Appellant pursues this appeal.

### Point of Error Number One

■ The Appellant asserts that "the trial court erred in overruling Appellant's objec-

tions to his having to appear before the jury in jail-issued clothing, thereby infringing on his constitutional right of presumption of innocence."

We overrule this point because we find no abuse of discretion. *Firstly, it was the defendant/Appellant who insisted on having a speedy trial* based in major part on constitutional grounds. Even on the day of the trial, during a pre-trial hearing, the Appellant filed a motion for speedy trial. In addition, the trial court questioned the Appellant on this motion and he responded with an affirmative answer.

Secondly, the Appellant, if not personally, at least through his counsel, knew of the trial date by the fact that the trial judge clearly stated it in the record *that he had notified the Appellant's trial would be held. This was not controverted.*

Thirdly, the trial court had instructed the jury panel not to consider the Appellant's attire as an indication of guilt. This deduction is manifestly exhibited in the questions put forth to the jury panel by the trial court. One of the questions was: "the fact that the defendant is dressed in a jail uniform, would that cause any of you to feel that he is automatically guilty because of how he is dressed?" The response was nil. Furthermore, the trial court informed the jury panel that Appellant was provided with civilian clothes, but none of the clothes fit him. Again, during the conclusion of the trial court's instruction, the court asked the jury panel if: "the fact that someone is in jail, you can't use that against them or hold it against them. Would that bother anyone at all?" No one was bothered.

Fourthly, the Appellant could have requested a continuance or postponement. This Appellant failed to do.

Fifth, even the Appellant's brief admits that this incident of the jail clothing could have been avoided by conducting the *voir dire* the next day. Finally, the Appellant was provided with civilian clothes the next day being only a few hours after the *voir dire.*

We are well aware that in some situations to be tried in jail clothing before a jury violates the Appellant's rights and infringes upon his presumption of innocence. *See Estelle v. Williams,* 425 U.S. 501, 96 S.Ct. 1691, 48 L.Ed.2d 126; *reh'g den'd* 426 U.S. 954, 96 S.Ct. 3182, 49 L.Ed.2d 1194 (1976); U.S. CONST. amend. XIV. Furthermore, this Court is well aware the Court of Criminal Appeals has held that where there is no showing of harm or prejudice to the defendant (even though he may be attired in jail overalls before the jury panel) and when the evidence prevails overwhelmingly against the Appellant; then error, if any, would be harmless beyond reasonable doubt. *Kimbel v. State,* 537 S.W.2d 254 (Tex.Crim.App.1976).

Foremost, this matter is not a hand restraint case and the rationale involved in those types of cases is not applicable to the matter at bar. The trial of the Appellant in jail clothing is not inherently unfair or prejudicial where the Appellant insists upon having a speedy trial. Any infringement of rights was waived by the Appellant upon his constant insistence for a speedy trial even on the very day of trial.

The Court of Criminal Appeals has defined "abuse of discretion" as being any act that is arbitrary or unreasonable. *Montgomery v. State,* No. 1090–88 (Tex. Crim.App. May 30, 1990) (not yet reported). It is well within the discretion of the trial judge to permit uniforms under this record. *Marquez v. State,* 725 S.W.2d 217 (Tex. Crim.App.1987); *Ex Parte Slaton,* 484 S.W.2d 102 (Tex.Crim.App.1972). The test on appeal is whether the trial court abused its discretion in requiring the witnesses to appear in a jail uniform. To enable this intermediate court to review the trial court's action on appeal, the entire record must be examined to determine if it contains factual matters which support the trial judge's discretion. After a careful, thorough and exhaustive review of the record we find there were sufficient reasons to support and uphold the trial court's decision. The trial court did not act in an arbitrary or unreasonable manner in denying the Appellant's motion for mistrial or in overruling his objections under this record.

*Point of Error Number Two*

■ In point of error number two the Appellant asserts that a mistrial should have been given when the prosecutor allegedly made reference to the Appellant's failure to testify. The granting of a mistrial rests solely within the sound discretion of the trial court.

The basis for this point was founded on the statement made by the prosecutor during the closing argument at punishment. The remark in controversy was as follows:

[Prosecutor]: Mr. DeLee, in his argument a moment ago, I think may have shown remorse for his client. Mr. De-Lee did. But look at the defendant, Mr. Randle—

[Defense Counsel]: Your Honor, I object. This is a comment on the defendant's failure to testify.

The Court: Sustain the objection.

[Defense Counsel]: Your Honor, I ask that the jury be instructed to disregard.

The Court: Jury will disregard all these last comments by the prosecutor.

[Defense Counsel]: And move for a mistrial, your Honor.

The Court: Mistrial denied.

Stay away from that area.

We hold there simply was no error. Only Mr. DeLee and Mr. DeLee's remorse were referred to. We conclude that this reference to DeLee was not a comment on defendant's failure to testify.

The Appellant's argument was that reversible error was committed when the prosecutor's remark referred to Appellant's failure to testify. We disagree. Appellant supports his contention by citing *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705, *reh'g den'd*, 386 U.S. 987, 87 S.Ct. 1283, 18 L.Ed.2d 241 (1967); *Griffin v. California*, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106, *reh'g den'd*, 381 U.S. 957, 85 S.Ct. 1797, 14 L.Ed.2d 730 (1965); *Dickinson v. State*, 685 S.W.2d 320 (Tex.Crim. App.1984); *Elkins v. State*, 647 S.W.2d 663 (Tex.Crim.App.1983); *Coyle v. State*, 693 S.W.2d 743 (Tex.App.—Dallas 1985, *pet. ref'd*). Appellant argues that remark was

definitely harmful to Appellant since the jury returned a punishment of 40 years and a $10,000 fine for such a small amount of contraband. Again, we disagree. The evidence justified the verdict of the jury.

On the other hand, the State avers that the trial court was correct in not granting the mistrial when the prosecutor allegedly entered into a prohibited area because the comment was obviously incomplete and it conveyed nothing which alluded directly or indirectly to or manifestly referred to the Appellant's failure to testify. We are in accord with the State's position. The State further argues that the test to determine whether a comment is violative of a right against self-incrimination is to look at each case individually to determine whether the language of the comment from the jury's standpoint was of such a character that the jury would necessarily and naturally take it as a comment on the accused's failure to testify. We conclude the prosecutor's words had no such effect on the jury. *Banks v. State*, 643 S.W.2d 129 (Tex.Crim. App.1982).

The State argued in its brief that the prosecutor's remark as such was so truncated (by the quick, very timely objection raised by Appellant's counsel) that "it is difficult to derive anything from it." Furthermore, the Appellant's counsel had argued for a chance at rehabilitation for Appellant in his closing summation. We deem that it logically and naturally follows that the prosecutor's remark was a reply to this plea for rehabilitation. We hold that the curative instruction as used by the trial court cured any possible harm; thus, there existed no reversible error. *See Gardner v. State*, 730 S.W.2d 675 (Tex.Crim.App. 1987). We ultimately rule that no reference was made to the failure of the accused to testify.

*Point of Error Number Three*

■ In point of error number three the Appellant avers that the evidence was insufficient to sustain a verdict of guilty.

When reviewing a point challenging the sufficiency of the evidence, the appellate court must view the evidence in the light

most favorable to the verdict, to determine whether any rational trier of fact could have found all the essential elements of the offense beyond a reasonable doubt. *See Bulter v. State*, 769 S.W.2d 234 (Tex.Crim. App.1989). Notably, the jurors are the exclusive judges of the facts, the credibility of the witnesses, and the weight to be given their testimony. *Esquivel v. State*, 506 S.W.2d 613 (Tex.Crim.App.1974). Importantly, it is not the appellate court's place to second-guess the determination made by the trier of fact.

With this standard of review in mind, we turn to the instant case. Officers Melinda Hoyt and Linda Birdsong made positive pre-trial identification of the Appellant as the man who approached their unmarked police car, solicited them to purchase some cocaine rocks and from whom they eventually bought the rocks that night. In addition, both Officers Hoyt and Birdsong made positive identifications of Appellant at trial. The Appellant did not put on a defense as such. The accused challenged a voice exemplar. The jury, being the exclusive judge of the facts and the credibility of the witnesses, can choose to believe or not believe a witness or any portion of his testimony. *Penagraph v. State*, 623 S.W.2d 341 (Tex.Crim.App.1981). In viewing the evidence in the light most favorable to the verdict, it is clear that a rational trier of fact could and did find beyond a reasonable doubt that Appellant was the one who sold the contraband to the officers on the evening of August 4, 1989.

■ Furthermore, on the suggestiveness of the pre-trial identification, the Appellant has waived this contention on appeal by not objecting to the admission of the pre-trial photo lineup into evidence at trial. In other words, one must object *at trial* to the impermissibly suggestive identification procedure to preserve one's right to raise on appeal. *See Perry v. State*, 703 S.W.2d 668 (Tex.Crim.App.1986). Point of error number three is overruled.

*The Jail Overalls Issue Revisited*

The record reflects:

MR. DELEE: Your Honor, there is another motion. The Defendant is not attired in civilian clothes. We are objecting to him being placed before the jury and being tried in jail clothes.

THE COURT: Let the record reflect that the jail has advised the Court that they do not have any civilian clothes for the defendants to wear. That the Court has some civilian clothes that it has allowed the defendants to use, but none of these would fit this defendant. And normally the defense counsel or the defendant would have his family bring some civilian clothes to be tried. And since that was not done, the objection is denied.

. . . .

THE COURT: Members of the jury panel, I need to cover one thing with you. Most of you noticed, if not all of you, the defendant is dressed in a jail overall jumpsuit. I need to caution you and ask you about a couple of things. The fact that the defendant is dressed in a jail uniform, would that cause any of you to feel that he is automatically guilty because of how he is dressed? If it would make anyone feel that way, raise your hand.

(No hands raised)

We try to get them into civilian clothes, but it was unavailable today. Otherwise we would probably never go to trial, because we don't have someone in civilian clothes. So I went ahead and forced the case to trial today. I just wanted to cover that with you.

. . . .

Mr. Shettle?

MR. SHETTLE: Your Honor, if it please the Court, I would like the record to reflect that when the jury panel was asked that whether or not the fact that the defendant was dressed out in jail garb would affect their ability to be—I believe perhaps your question was fair and impartial, or would they take that as any evidence of guilt, there was a—I think the reply from everyone was that it would be no evidence of any type, form or fashion.

THE COURT: Okay. The record will so indicate.

MR. SHETTLE: Thank you, Your Honor.

THE COURT: If you would like to talk to them some more about the jail uniform, I will give you a chance to do so.

MR. DELEE: No, sir, I have nothing else to say about that except I still object to him having to go to trial that way.

THE COURT: I understand that. He had an opportunity to bring some clothes, too. Objection is overruled.

. . . .

MR. DELEE: Your Honor, could I for the record on the jail clothes, move for a mistrial, even though the Court has overruled my objection, the defense moves for a mistrial due to the fact that the defendant has been forced to be present during the voir dire in clothes furnished by the jail, which it is obvious that they are jail clothes.

THE COURT: I am going to deny the motion for a mistrial. And I disagree with the fact that he was forced. Defense counsel was given notice of the trial date and no clothes were provided for the defendant and I don't think I forced him to trial today. I told you last week we were going to trial. Plus, let the record reflect the defendant wanted a speedy trial. At his request is the reason we are going to trial today. I had originally reset the case to later in the year and I received correspondence from the defendant, plus his motion today requesting a speedy trial, therefore, you ought to be ready for trial.

That is what you wanted, a speedy trial?

THE DEFENDANT: Yes, sir, I filed the motion.

We affirm the judgment and sentence.

AFFIRMED.

BURGESS, Justice, dissenting.

I respectfully dissent. The majority finds no error in appellant being tried in jail clothes over his objection. They first reason that appellant had filed a motion for a speedy trial. The majority acknowledges that the motion for speedy trial was filed after the trial court began to hear motions immediately before jury selection. Consequently, the motion for speedy trial was of no practical effect since appellant was going to trial anyway. They next reason that appellant's counsel knew of the trial date. Thus, the majority implies that appointed counsel must have a duty to supply clothing to the client. Third, they discuss the court's *sua sponte* voir dire of the jury on the issue of jail clothing. Fourth, they say appellant could have requested a continuance but did not. This requires appellant to unnecessarily choose between two valuable rights. He should not be forced to do so. Last, they infer that furnishing civilian clothing the next day is somehow curative.

Prior to *Estelle v. Williams*, 425 U.S. 501, 96 S.Ct. 1691, 48 L.Ed.2d 126, *reh'g den'd*, 426 U.S. 954, 96 S.Ct. 3182, 49 L.Ed.2d 1194 (1976) our Court of Criminal Appeals in *Ephraim v. State*, 471 S.W.2d 798 (Tex.Crim.App.1971) applied *Hernandez v. Beto*, 443 F.2d 634 (5th Cir.), *cert. denied*, 404 U.S. 897, 92 S.Ct. 201, 30 L.Ed.2d 174 (1971) wherein the Fifth Circuit held that trying a defendant in prison clothing infringed a fundamental right— the presumption of innocence. This was followed by *Ex Parte Clark*, 545 S.W.2d 175, 177 (Tex.Crim.App.1977); *Thompson v. State*, 514 S.W.2d 275 (Tex.Crim.App. 1974) and *Ex Parte Slaton*, 484 S.W.2d 102 (Tex.Crim.App.1972).

The majority cites *Kimble v. State*, 537 S.W.2d 254 (Tex.Crim.App.1976). In *Kimble*, the court recognized the right of an accused not to be tried in jail clothes because of the possible infringement of the accused's presumption of innocence, but refused to extend the rule of *Estelle v. Williams* to cover instances when an accomplice is identified before the jury in jail clothing. The majority also relies upon *Slaton*, 484 S.W.2d at 102 and *Marquez v. State*, 725 S.W.2d 217 (Tex.Crim.App.), *cert. denied*, 484 U.S. 872, 108 S.Ct. 201, 98 L.Ed.2d 152 (1987) for the proposition that it is "well within the discretion of the trial judge to permit" jail clothing. *Slaton* did hold the trial judge did not abuse his discre-

tion in having handcuffs on the accused since he had attempted suicide. However, the court did hold that trying Slaton in jail clothing was error despite Slaton calling several jail inmates who testified about his bizarre acts. *Marquez* is a more recent case, but not on point. It involves the shackling of a defendant in a capital murder case during the punishment phase. Furthermore, the trial judge made extensive and specific findings justifying his actions. In the instant case, the only justifications were that the jail did not furnish civilian clothing, what clothing the court had available would not fit and neither appellant's counsel nor his family had furnished any civilian clothing.

While the majority finds "there were sufficient reasons to support and uphold the trial court's decision", I do not. In my opinion, the reasons given by the trial court only point out a bureaucratic problem; who is to furnish an indigent, jailed accused with trial clothing. Other than defense counsel having a week's notice, there is nothing in the record to indicate appellant occasioned his clothing dilemma. Certainly it was not appellant's fault that the jail did not furnish trial clothing. Nor can appellant be faulted for not being able to wear whatever clothing was made available by the court. (Apparently the court had furnished other defendants with clothing, if some clothing was available.) Furthermore, there is nothing in the record to indicate appellant was trying to delay the trial, had refused the offer of clothing or was doing anything concerning his trial attire other than wanting not to be tried in jail clothing.

As previously noted, the majority would apparently solve the clothing dilemma by placing the burden upon the accused or his counsel. The court had attempted to accept the burden, but the clothing did not fit. I believe the burden is best placed upon the correctional facility or the prosecutor. The most logical one to furnish trial clothing for inmates is the correctional facility. They have the immediate knowledge concerning which inmates need trial clothes. They have the ability to care for and store trial clothes since they must do the same for jail clothing. However, if the correctional officer refuses to do so, then the task is left to the prosecution. It rightly becomes their task in part because of TEX.CODE CRIM.PROC.ANN. art. 2.01 (Vernon Supp.1991) which states that the primary duty of all prosecuting attorneys is not to convict, but to see that justice is done. Since 1971 there has been a body of law indicating justice requires that an accused not be tried in jail clothing. If, in 1990, there is no procedure in place to insure that, then the task falls to the prosecutor. In any event, appellant was in fact tried in jail clothing over his objection. The majority finds no error and affirms. Therefore, I respectfully dissent.