In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-04-00174-CR
______________________________


MICHAEL LYNN SMITH, Appellant
Â 
V.
Â 
THE STATE OF TEXAS, Appellee


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

On Appeal from the 6th Judicial District Court
Lamar County, Texas
Trial Court No. 20361


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 



Before Morriss, C.J., Ross and Carter, JJ.
Opinion by Justice Ross


O P I N I O N

Â Â Â Â Â Â Â Â Â Â Michael Lynn Smith was found guilty by a Lamar County jury of burglary of a
building.


 Punishment was enhanced by prior felony convictions,


 and the jury assessed
the maximum punishment of twenty years' imprisonment and a $10,000.00 fine. The trial
court sentenced Smith in accordance with the jury's verdict. 
Â Â Â Â Â Â Â Â Â Â On April 13, 2005, Smith's appellate counsel filed an Anders


 brief in which counsel
professionally discussed the record, described the issues reviewed, and concluded there
were no arguable grounds for appeal and, as required by Anders, also filed a motion to
withdraw. Counsel also sent Smith a copy of the appellate brief and informed Smith of his
right to review the record and to file a response pro se.
Â Â Â Â Â Â Â Â Â Â Smith filed his response May 9, 2005, and was granted leave to file an amended
response on June 15, 2005. The State filed its brief expressing agreement with appellate
counsel's conclusion that there were no arguable grounds for appeal and also filed its reply
to Smith's pro se response, addressing briefly some of the issues raised by Smith. We
have independently reviewed the record and the briefs filed by counsel and by Smith in this
appeal, and we agree there are no arguable issues that would support an appeal. 
Accordingly, we affirm the trial court's judgment. 
I.Â Â Â Â Â Â Â Â SUFFICIENCY OF THE INDICTMENT
Â Â Â Â Â Â Â Â Â Â Both appellate counsel and Smith question the sufficiency of the indictment. A
person commits the offense of burglary if, without the effective consent of the owner, the
person:
(1) enters a habitation, or a building (or any portion of a building) not
then open to the public, with intent to commit a felony, theft, or an assault;
or
Â 
(2) remains concealed, with intent to commit a felony, theft, or an
assault, in a building or habitation; or
Â 
(3) enters a building or habitation and commits or attempts to commit
a felony, theft, or an assault.

Tex. Pen. Code Ann. Â§ 30.02(a). The State charged Smith with an offense under
Subsection (3), alleging in pertinent part that Smith "did then and there intentionally or
knowingly enter a building or a portion of a building not then and there open to the public,
without the effective consent of . . . the owner . . . and attempted to commit or committed
theft of property." 
Â Â Â Â Â Â Â Â Â Â A.Â Â Â Â Â Â Â Any Defect Not Preserved
Â Â Â Â Â Â Â Â Â Â The failure to timely file a motion to quash waives the right to complain on appeal
or in a post-conviction proceeding of any defect in the charging instrument. See Tex. Code
Crim. Proc. Ann. art. 1.14(b) (Vernon 2005). Smith did not file a motion to quash the
indictment in this case.
Â Â Â Â Â Â Â Â Â Â B.Â Â Â Â Â Â Â Indictment Was Sufficient
Â Â Â Â Â Â Â Â Â Â The indictment tracks the language of Section 30.02(a)(3). Subject to rare
exceptions, an indictment that tracks the words of the penal statute in question is legally
sufficient. Phillips v. State, 597 S.W.2d 929, 934 (Tex. Crim. App. [Panel Op.] 1980);
Boney v. State, 572 S.W.2d 529, 532 (Tex. Crim. App. [Panel Op.] 1978); Hodge v. State,
756 S.W.2d 353, 355 (Tex. App.âDallas 1988, no pet.).
Â Â Â Â Â Â Â Â Â Â To be sufficient, an indictment must meet certain requirements. It must accuse the
defendant of an act constituting an offense. Tex. Code Crim. Proc. Ann. art. 21.01
(Vernon 1989); Sanders v. State, 642 S.W.2d 860, 862 (Tex. App.âFort Worth 1982, pet.
ref'd). It must by plain and intelligible words particularize the act charged sufficiently to
protect a defendant's right against double jeopardy, and give the defendant notice in plain
and intelligible words with what he or she has been charged so that such defendant may
prepare a defense. See Tex. Code Crim. Proc. Ann. art. 21.02(7) (Vernon 1989); Terry
v. State, 471 S.W.2d 848, 852 (Tex. Crim. App. 1971). It must state all of the elements of
the offense charged. Tex. Code Crim. Proc. Ann. art. 21.03 (Vernon 1989); Hadden v.
State, 829 S.W.2d 838, 840 (Tex. App.âCorpus Christi 1992, pet. ref'd). 
Â Â Â Â Â Â Â Â Â Â We have measured the indictment against such requirements and conclude it was
sufficient. We therefore do not find this indictment, drawn in the language of the statute,
to be a "rare exception" to the general rule. See Phillips, 597 S.W.2d at 934; Gilliam v.
State, 746 S.W.2d 323, 326 (Tex. App.âEastland 1988, no pet.). Nothing in the
indictment presents reversible error.
II.Â Â Â Â Â Â Â SUFFICIENCY OF THE EVIDENCE: ACCOMPLICE WITNESS RULE
Â Â Â Â Â Â Â Â Â Â The State's evidence at trial established that, in the early morning hours of June 14,
2004, Smith and his nephew, Robert Smith, broke the front door of Scotty's convenience
store in Paris, Texas. One of the owners, who was alone in the back office doing after-hours bookkeeping, heard the commotion and telephoned her husband. As she watched
the burglary on the monitors in her office, police were summoned to the store. Within
minutes, Paris Police Department officers arrived on the scene. They determined the
burglars stole lottery tickets and cartons of cigarettes, and had also taken a trash can. 
Â Â Â Â Â Â Â Â Â Â In their investigation, the officers discovered some of the stolen merchandise
dropped on the ground to the south of the store. They searched the nearby storage facility
and soon discovered Smith and his nephew hiding in an unoccupied storage unit with the
stolen merchandise. Eventually, officers were able to remove and arrest the two men, and
both were charged with burglary of a building. 
Â Â Â Â Â Â Â Â Â Â At trial, Smith's nephew testified for the State and described the plan as Smith's and
detailed the commission of the offense. Responding officers Chris Bean and Jamie Blount
testified regarding the discovery of the two men in the storage unit. Additionally, the State
presented surveillance videotape footage consistent with the nephew's depiction of the
events and fingerprint evidence linking Smith to the stolen merchandise. Smith contends
that he had been in the area fishing at a nearby pond since 2:00 a.m. and that he did not
commit this offense. 
Â Â Â Â Â Â Â Â Â Â A.Â Â Â Â Â Â Â Accomplice Witness Rule
Â Â Â Â Â Â Â Â Â Â Article 38.14 of the Texas Code of Criminal Procedure provides that "[a] conviction
cannot be had upon the testimony of an accomplice unless corroborated by other evidence
tending to connect the defendant with the offense committed; and the corroboration is not
sufficient if it merely shows the commission of the offense." Tex. Code Crim. Proc. Ann.
art. 38.14 (Vernon 2005). In reviewing the record for this corroborative evidence, we
eliminate from consideration that evidence of the accomplice witness to ascertain if there
is inculpatory evidence which tends to connect the defendant with the commission of the
offense. Vertz v. State, 702 S.W.2d 196, 196 (Tex. Crim. App. 1986); Cruz v. State, 690
S.W.2d 246, 250 (Tex. Crim. App. 1985).
Â Â Â Â Â Â Â Â Â Â B.Â Â Â Â Â Â Â Accomplice Testimony Sufficiently Corroborated 
Â Â Â Â Â Â Â Â Â Â Eliminating for the moment Robert's testimony, we conclude that the corroborative
evidence is sufficient to connect Smith to the burglary. First, we look to the officers'
testimony regarding their discovery of Smith and his nephew in a nearby, unused storage
unit. The mere presence of the accused in the company of the accomplice shortly before
or after the time of the offense is not, in itself, sufficient corroboration of the testimony of
an accomplice. Ayala v. State, 511 S.W.2d 284, 287 (Tex. Crim. App. 1974). However,
the presence of the accused with the accomplice, when coupled with other circumstances,
may be sufficient to corroborate the testimony of the accomplice. Id. Here, Smith's
presence with his nephew is coupled with his hiding in the storage unit in close proximity
to the crime scene and the recovery of the stolen items in the same storage unit in which
Smith was hiding. See id.
Â Â Â Â Â Â Â Â Â Â Additionally, surveillance camera footage revealed two men breaking into the store
after having been dropped off by a person driving a white minivan. Footage from inside
the store reveals a closer image of one of the burglars and shows Smith's distinctive facial
tattoos. Also, Smith's fingerprints were matched to those found on two of the recovered
cartons of cigarettes taken from the store. This evidence constitutes sufficient
corroboration of Robert's testimony. 
III.Â Â Â Â Â Â ADMISSIBILITY OF OFFICERS' TESTIMONY DURING PENALTY PHASE
Â Â Â Â Â Â Â Â Â Â Counsel discussed concerns regarding the admission during the penalty phase of
officers' testimony regarding Smith's character. At issue is the following testimony of
Detective Jeff Springer: 
[STATE:] Do you have an opinion about Mr. Smith's character or
whether he's law abiding?
Â 
[SPRINGER:] Yes, sir.
Â 
[STATE:] Is that good or bad?
Â 
[SPRINGER:] It's bad.
Â 
[STATE:] Are you aware of his reputation in the community?
Â 
[SPRINGER:] Yes, sir.
Â 
[STATE:] Is it good or bad?
Â 
[SPRINGER:] It's bad.
Also at issue is very similar testimony from Lieutenant Randy Tuttle. 
Â Â Â Â Â Â Â Â Â Â A.Â Â Â Â Â Â Â Opinion Testimony Admissible
Â Â Â Â Â Â Â Â Â Â Character may be proven through reputation or opinion testimony. Tex. R. Evid.
405(a). "Conceptually, different predicates are required for reputation and opinion
testimony." Hollingsworth v. State, 15 S.W.3d 586, 598 (Tex. App.âAustin 2000, no pet.);
Calderon v. State, 950 S.W.2d 121, 131 (Tex. App.âEl Paso 1997, no pet.). Springer
testified to his opinion of Smith's character. To be qualified to testify regarding one's
opinion of a defendant, a witness "must be familiar with the underlying facts or information
upon which [his or her] opinion was based." Hollingsworth, 15 S.W.3d at 598 (citing Ibarra
v. State, 11 S.W.3d 189, 197â98 (Tex. Crim. App. 1999)). The State need not show that
the witness' opinion was based on a community observation or by talking to people in the
community. See Hollingsworth, 15 S.W.3d at 598.
Â Â Â Â Â Â Â Â Â Â Before the State's question regarding Springer's opinion of Smith's character, the
State asked Springer whether, in his twenty-six years of law enforcement, he was familiar
with Smith. Springer answered affirmatively. The State also established that Springer
knew Smith before the day of trial and that Springer had interviewed him July 6, 2004. 
Similarly, the State established that Tuttle had experience with Smith and had been familiar
with him for "[s]everal years." Based on this testimony, the trial court could have concluded
the State established that Springer and Tuttle were "familiar with the underlying facts or
information upon which [their] opinion[s] [were] based." Therefore, the trial court did not
abuse its discretion by admitting the officers' testimony regarding their opinions of Smith's
character.
Â Â Â Â Â Â Â Â Â Â B.Â Â Â Â Â Â Â Reputation Testimony Probably Inadmissible, Not Preserved
Â Â Â Â Â Â Â Â Â Â The Texas Court of Criminal Appeals has recognized that "[a] reputation witness's
testimony must be based on discussions with others concerning the defendant, or on
hearing others discuss the defendant's reputation, and not just on personal knowledge. 
Adanandus v. State, 866 S.W.2d 210, 225â26 (Tex. Crim. App. 1993). The State must
establish that the testimony regarding a defendant's reputation is based on a "synthesis
of . . . observations and discussions which results in a conclusion as to the individual's
reputation." Id. at 226.
Â Â Â Â Â Â Â Â Â Â Here, the record does not contain any testimony regarding the officers'
communications leading to their knowledge of Smith's reputation in the community. So,
it appears the officers' testimony regarding Smith's reputation, unlike their testimony
regarding their opinions, was inadmissible. However, the record reveals that Smith did not
object to the admission of the officers' testimony; therefore, the issue was not preserved
for appeal. See Ethington v. State, 819 S.W.2d 854, 858 (Tex. Crim. App. 1991). To
preserve a complaint for appellate review, a party must have presented to the trial court
a timely request, objection, or motion stating the specific grounds for the ruling desired, and
either the trial court ruled on the issue, or the complaining party objected to the trial court's
failure to rule. Tex. R. App. P. 33.1; see also Tex. R. Evid. 103(a)(1).
IV.Â Â Â Â Â Â INEFFECTIVE ASSISTANCE OF COUNSEL
Â Â Â Â Â Â Â Â Â Â Texas follows the federal standard, enunciated in Strickland v. Washington, 466
U.S. 668 (1984), in determining whether an appellant has received effective assistance of
counsel. Wilkerson v. State, 726 S.W.2d 542, 548 (Tex. Crim. App. 1986). Under that
standard, the appellant must establish two things: (1) counsel's representation fell below
an objective standard of reasonableness; and (2) the deficient performance prejudiced the
defense. Strickland, 466 U.S. at 688, 693.
Â Â Â Â Â Â Â Â Â Â We will not conclude that trial counsel's failure to object to officers' testimony during
punishment renders his representation ineffective. While a portion of the testimony may
have been inadmissible, we cannot say that this represents a departure from the objective
standard of reasonableness. An accused is entitled to reasonably effective counsel, not
errorless counsel judged by hindsight. See Stafford v. State, 813 S.W.2d 503, 506 (Tex.
Crim. App. 1991). At any rate, counsel may have made the tactical decision not to object
in the presence of the jury to the relatively harmless testimony. We will presume counsel's
actions and decisions were reasonable and were motivated by sound trial strategy. 
Jackson v. State, 877 S.W.2d 768, 771â72 (Tex. Crim. App. 1994).
Â Â Â Â Â Â Â Â Â Â The various other allegations of deficient performance Smith advances likewise do
not rise to the level of ineffective assistance.


 Presuming trial counsel's actions were a part
of his sound trial strategy and holding that Smith has failed to overcome that presumption,
we find Smith's contentions regarding ineffective assistance of counsel without merit. 
V.Â Â Â Â Â Â Â OTHER ISSUES
Â Â Â Â Â Â Â Â Â Â A.Â Â Â Â Â Â Â Appearance of Accomplice Witness in Jail Clothes
Â Â Â Â Â Â Â Â Â Â Smith contends it was error to allow his nephew Robert, the accomplice in the
JuneÂ 14 burglary, to testify while wearing jail clothes. No objection was made at the point
at which Robert entered the courtroom in such clothing. Nor did counsel move for a
mistrial as was the case in Jenkins v. State, 912 S.W.2d 793, 808 (Tex. Crim. App. 1993)
(op. on reh'g). Thus, the issue is not preserved.
Â Â Â Â Â Â Â Â Â Â Even if the issue had been preserved, we rely on the Texas Court of Criminal
Appeals' opinions in Jenkins and Kimble v. State, 537 S.W.2d 254, 255 (Tex. Crim. App.
1976). In Jenkins, it was unclear from the record whether the jury even saw the
accomplice in jail clothes. Jenkins, 912 S.W.2d at 808. Even assuming the jury did see
the witness in jail clothing, however, the court found no harm. Id. Distinguishing between
the impact of the appearance of a defendant in jail clothes and the impact of an
accomplice's appearance in jail clothes, Kimble held there was "no showing of harm or
prejudice to the appellant as contended in appellant's brief and our own examination of the
record discloses none." Kimble, 537 S.W.2d at 255.
Â Â Â Â Â Â Â Â Â Â Smith likewise fails to show harm. We note that the State mentioned the attire
during direct examination of Robert, bringing it to the attention of the jury. So, we do know
that the jury's attention was brought to the clothing. Nevertheless, with the overwhelming
evidence of guilt, we conclude that error, if any at all, would be harmless. We add the
possibility that a jury could perceive the witness' appearance in another light entirely apart
from that which Smith casts. That is to say, the jail clothes could as easily served as a
signal to the jury to be cautious of the witness' credibility, thereby undermining Robert's
testimony in favor of Smith's defense. 
Â Â Â Â Â Â Â Â Â Â B.Â Â Â Â Â Â Â Jury Allowed Too Many Breaks
Â Â Â Â Â Â Â Â Â Â Smith argues the trial court allowed the jury too many breaks. The trial court
conducts a trial within its discretion so long as the court's action does not prejudice the
rights of an accused. Young v. State, 691 S.W.2d 757, 759 (Tex. App.âTexarkana 1985,
no pet.). The trial court's discretion in the course and conduct of a trial has long been
respected:
This latitude extends to and includes the manner and method of the
presentation of the testimony and the examination of the witnesses. To be
reversible, errors claimed in such matters must be such as to be openly
prejudicial to the rights of the accused, and must constitute an abuse of
discretion by the trial court.

Flannery v. State, 153 Tex. Crim. 36, 216 S.W.2d 980, 982 (1948). Here, there is no
evidence that the breaks allowed by the trial court were unusually frequent or lengthy, or
that the breaks harmed Smith in any way. We find no merit in this contention.
Â Â Â Â Â Â Â Â Â Â C.Â Â Â Â Â Â Â Conspiracies Among Lamar County Officials Against Smith
Â Â Â Â Â Â Â Â Â Â Smith alleges that the law enforcement officials in Lamar County have lied about
him and conspired against him for years. During the punishment phase, Smith testified as
to how this conspiracy led officers to arrest him for this crime when they found him at 4:00
a.m. innocently hiding in the storage unit after fishing at a nearby pond. There is no
evidence in the record, other than Smith's own statements, to support his allegations of a
Lamar County conspiracy to convict him of crimes he did not commit. 
Â Â Â Â Â Â Â Â Â Â D.Â Â Â Â Â Â Â Derogatory References to Smith
Â Â Â Â Â Â Â Â Â Â Citing to Riascos v. State, 792 S.W.2d 754, 756 (Tex. App.âHouston [14th Dist.]
1990, pet. ref'd), Smith also complains that the State's counsel made derogatory
references to him throughout the trial.


 He points to no specific instances in the record. 
Our review reveals only that State's counsel referred to Smith as an "opportunist" during
its opening statement and described his occupation as a "thief" during closing argument
at punishment. These references do not qualify as derogatory as contemplated by
Riascos. Consequently, defense counsel made no objection to these remarks, and rightly
so.
Â Â Â Â Â Â Â Â Â Â E.Â Â Â Â Â Â Â Failure to Allow Smith to Cross-Examine Witnesses
Â Â Â Â Â Â Â Â Â Â Smith complains that the trial court erred and that his attorney rendered ineffective
assistance of counsel by not allowing him to cross-examine witnesses. Having been
represented by counsel, Smith had no right to hybrid representation. See Landers v. State,
550 S.W.2d 272, 280 (Tex. Crim. App. 1977); Reeves v. State, 46 S.W.3d 397, 400â01
(Tex. App.âTexarkana 2001, pet. dism'd). Therefore, we find no error.
Â Â Â Â Â Â Â Â Â Â F.Â Â Â Â Â Â Â Additional Considerations
Â Â Â Â Â Â Â Â Â Â In his pro se response, Smith also alleges it was error not to have a court reporter
recording voir dire. He is mistaken in his belief that no court reporter was present. We
have before us a reporter's record of the voir dire proceedings. Smith also lists issues of
entrapment, intoxication, and DNA testing. We note that these issues are inadequately
briefed, and their relevance to these proceedings is dubious. See Tex. R. App. P. 38.1(h). 
Nevertheless, we have reviewed the record and considered these issues, and conclude
each is wholly without relevance and merit.
Â 

VI.Â Â Â Â Â Â CONCLUSION
Â Â Â Â Â Â Â Â Â Â Having independently reviewed the record and having addressed the issues
discussed in counsel's Anders brief and raised in Smith's pro se response, we find no
reversible error in the trial resulting in Smith's conviction for burglary of a building. 
Â Â Â Â Â Â Â Â Â Â We affirm the trial court's judgment.


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Donald R. Ross
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice 

Date Submitted:Â Â Â Â Â Â July 18, 2005
Date Decided:Â Â Â Â Â Â Â Â Â August 18, 2005

Do Not Publish




s of the order. 
This constitutes a sufficiency of evidence issue which may be reviewed
even though it is first raised on appeal.Â 
Id. at 922. 

IV.Â Â Â Â Â Â  Sufficiency
of Evidence Â Â Â Â Â  

Â Â Â Â Â Â Â Â Â Â Â  Due process requires that evidence
in the record must exist to show that the amount of restitution has a factual
basis.Â  Campbell v. State, 5 S.W.3d 693, 696, 699 (Tex. Crim. App. 1999) (citing Cartwright, 605 S.W.2d at 289).Â  The restitution awarded must be just and have
a factual basis within the loss of the victim.Â 
Id.Â  

Â Â Â Â Â Â Â Â Â Â Â  In
this instance, the total amount of restitution was established at the time
Flowers entered a negotiated plea of guilty.Â 
Flowers and his attorney signed all the documents at the time of the
entry of the plea acknowledging restitution in the amount of $2,425.00.Â  There was no dispute about the amount of
restitution, but it was presented to the trial court as a part of the overall
negotiated plea agreement, to which both the State and Flowers Âmutually agreed
and recommendedÂ to the judge.Â  If any
dispute had existed on this issue, it could have been presented to the trial
court to resolve.Â  Tex. Code Crim. Proc. Ann. art. 42.037(k)
(West Supp. 2010).Â  The original
restitution order of $2,425.00 is supported by the specific agreement of the
parties as to the appropriateness and accuracy (or factual basis) for the
restitution order. 

Â Â Â Â Â Â Â Â Â Â Â  Flowers
was placed on community supervision on August 20, 2010; during his short
supervision period, Flowers reported to the supervision officer two times
(September 21 and October 19).Â  The State
moved to revoke FlowersÂ supervision based upon allegations that he failed to
perform community service and that he had burglarized a home and/or a
building.Â  Notably, the State did not
allege that Flowers failed to pay restitution.Â 
From the absence of such an allegation, it is logical to infer that just
as Flowers fulfilled the requirement to report to the community supervision office,
he also satisfied the restitution condition of his community supervision by
paying the $25.00 monthly restitution payments for September and October,
leaving $2,375.00 as the balance.Â  Since
the State moved to revoke FlowersÂ supervision on November 1, 2010, he was
arrested the next day, remained incarcerated until the hearing in January 2011,
and was then sentenced to a ten-year term, without bond.Â  It can reasonably be inferred that he made no
restitution payment for November or thereafter.Â 
Based upon these facts, we find that there was evidence to support the
award of $2,375.00 in restitution.Â  

Â Â Â Â Â Â Â Â Â Â Â  Accordingly,
we overrule this point of error and affirm the trial courtÂs judgment. 

Â 

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Jack
Carter

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Justice


Â 

Date Submitted:Â Â Â Â Â Â Â Â Â  September
6, 2011

Date Decided:Â Â Â Â Â Â Â Â Â Â Â Â  September
7, 2011

Â 

Do Not Publish

Â 











[1]The
trial court made no finding regarding the StateÂs allegations that Flowers
committed another burglary.

Â 





[2]Flowers
does not challenge the trial courtÂs revocation of his community supervision or
the amount of $2,425.00 in restitution adjudicated at the time of his
negotiated plea agreement.